'ANDREW M. CHAMBERLIN *vs.* DANIEL WHITFORD & another.

In an action for services, the defendants requested the judge to rule that, if the services were voluntarily rendered and not necessarily beneficial, they created no debt without a subsequent promise to pay for them. The judge refused to rule in this form; but ruled that the jury could find for the plaintiff if they found that the services were performed and the defendants subsequently promised to pay for them. No question was raised as to the effect of such promise, if made. *Held,* that the defendants could not, at the argument of exceptions to this ruling, for the first time object that such promise, if made, rested only on an executed consideration.

CONTRACT. The first count of the declaration alleged that the plaintiff bargained with the defendants for the use of his horse to cover their mare; that the horse covered the mare; and that the defendants owed the plaintiff $12. The second count was on an account annexed, the only item in which was for services of the plaintiff's horse to cover the defendants' mare.

At the trial in the superior court, before *Reed*, J., the plaintiff contended that there was evidence that each of the defendants promised, after the services were performed, that, if they had been performed, they should be paid for. The defendants contended that there was no such evidence.

The defendants requested the judge to instruct the jury "that, to maintain the second count, the plaintiff must show that the service rendered was beneficial and was by the request of the defendants, or with such knowledge and assent of the defendants, at the time or afterwards, as would be equivalent to an acknowledgment of indebtedness, before the law would imply a

promise to pay; and that if the plaintiff's act was voluntary, officious, unsolicited, unknown to the defendants at the time, and not necessarily beneficial, it created no debt or obligation upon the defendants to pay therefor without a subsequent promise by the defendants to pay." The judge refused to give this instruction. The instructions, given and refused, which related to the first count are now immaterial.

The judge instructed the jury that " they could only find a verdict for the plaintiff on one count; that whether testimony as contended for by the one side or the other had been given was a question for them ; that if they found that the testimony above stated, as contended for by the plaintiff, had been given, then, if the services were performed, they could find a verdict for the plaintiff; that ordinarily, when one of two owners of personal property employed a person to do work upon it, both owners were liable ; but that in this case they need not regard this rule, but give a verdict for the plaintiff against both the defendants only in case they found that both had promised substantially as was contended for by the plaintiff as above stated, and that the services had been performed. On other matters the judge instructed the jury in a manner not objected to. No question was raised as to the effect of such promise, supposing the jury to find that such promise was made."

The jury returned a general verdict for the plaintiff, and, on a subsequent day in the term, the verdict, on the plaintiff's motion, was so amended as to make it a verdict upon the second count only. The defendants alleged exceptions.

*A. J. Bartholomew & G. Swan*, for the defendants.

*P. E. Aldrich*, for the plaintiff.

AMES, J. At the trial, the jury were instructed that they could find for the plaintiff only upon one count; and, as the record stands, their verdict is to be considered as given upon the second count. It is therefore unnecessary to consider the propriety of any instructions which were applicable peculiarly to the first. In regard to the second, the instructions actually given were certainly much less favorable to the defendants than they had a right to ask. " If the plaintiff's act was voluntary, offi-

cious, unsolicited, unknown to the defendants at the time, and not necessarily beneficial, it created no debt or obligation upon the defendants to pay therefor." If the defendants' prayer for instructions had stopped here, it would have been perfectly correct as a legal proposition, and well adapted to the case. An executed and past consideration is not sufficient to support a subsequent promise. It is not enough to show that a service has been rendered, and that it was beneficial to the party sought to be charged, unless it was rendered at his express request, or under such circumstances that the law would imply a request. A mere volunteer cannot make himself the creditor of another. Even an express promise, subsequently made and depending wholly on the past consideration, would not be sufficient to create a legal liability. Met. Con. 193. *Dearborn* v. *Bowman,* 3 Met. 155, 158. *Mc Gilvery* v. *Capen,* 7 Gray, 523. *Mills* v. *Wyman,* 3 Pick. 207.

But the defendants did not choose to present the case in this aspect, as they certainly might have done. They requested the presiding judge to rule that the plaintiff was not entitled to recover for " voluntary, officious, unsolicited " services, " not necessarily beneficial," without proof of a subsequent promise by the defendants to pay ; a proposition which plainly assumes that they would be liable if such subsequent promise were proved. The trial appears by the bill of exceptions to have turned principally upon the question whether these defendants had in fact made such a subsequent promise, and the verdict shows that on that point the plaintiff made out his case to the satisfaction of the jury. The defendants cannot now complain that the judge gave the precise instructions that they requested him to give ; and after having had the question of fact, which they saw fit to raise, decided against them, they cannot now insist for the first time that the subsequent promise, upon which they went to the jury, was not sufficient in law to render them liable even if proved. *Exceptions overruled.*