JOSEPHINE L. MOORE *vs.* NELSON L. ELMER & another, administrators.

Hampden.    September 24, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Contract*, Consideration, Validity.

The plaintiff J. M. by a bill in equity sought to enforce, against the administrator of the signer, an agreement dated January 11, 1898, and in substance as follows : " In consideration of business and test sittings received from Mme. S., the clairvoyant, otherwise known as Mrs. J. M., on numerous occasions, I hereby agree to give the above named J. M. or her heirs, if she is not alive, the balance of her mortgage note [described] with interest on the same on or after the last day of January, 1900, if my death occurs before then which she has this day predicted and claims to be the truth, and which I the undersigned strongly doubt. Wherein if she is right I am willing to make a recompense to her as above stated, but not payable unless death occurs before 1900." The bill alleged that the death of the signer of the agreement occurred before the year 1900, and further, that before the execution of the agreement the plaintiff gave to the deceased at his request the business and test sittings referred to as the consideration of the agreement, and at his request devoted much time and labor thereto. On demurrer, *held*, that there was no consideration for the promise of the defendant's intestate. The allegation that the sittings were given to the intestate at his request, did not import that they were given with an understanding that they were to be paid for, and past services although asked for, if rendered as a favor, cannot support a promise made at a later time. Moreover, if there had been a previous liability, it was not alleged that the agreement was received in satisfaction of it, even conditionally. *Semble*, that, if the alleged contract had been made upon a consideration, it would have been a wager.

BILL IN EQUITY by the owner of certain land subject to a mortgage assumed by her, to restrain the administrators of Willard Elmer, the holders of the mortgage, from foreclosing it, or disposing of it and the note secured thereby, and for an order

to the defendants to discharge the mortgage and cancel the note, filed July 7, 1900.

The bill alleged that the plaintiff was the owner of a tract of land to which she derived title by a deed of one Herman E. Bogardus, by which deed she assumed and agreed to pay a certain mortgage of the premises given by Bogardus, which mortgage and the note for $1,300 thereby secured had been assigned to Willard Elmer, the defendants' intestate, that the defendants' intestate on or about January 11, 1898, executed and delivered to the plaintiff the following agreement: "Springfield, Mass., Jan. 11, 1898. In Consideration of Business and Test Sittings Reseived from Mme Sesemore, the Clairvoyant, otherwise known as Mrs. Josephene L. Moore on Numerous occasions I the undersighned do hear by agree to give the above naned Josephene or her heirs, if she is not alive, the Balance of her Mortgage note whitch is the Herman E. Bogardus Mortgage note of Jan. 5, 1893, and the Interest on sane on or after the last day of Jan. 1900, if my Death occurs before then whitch she has this day Predicted and Claims to be the truth, and whitch I the undersighned Strongly doubt. Wherein if she is right I am willing to make a Recompense to her as above stated, but not payable unless death Occurs before 1900. Willard Elmer."

The bill alleged, that by the foregoing instrument the premises were released and discharged from the operation of the mortgage deed, and the note secured thereby was paid in full and became null and void, upon the death of Willard Elmer, which occurred before the year 1900, to wit, on September 15, 1899.

The bill also alleged, that before the execution of the above agreement, at the request of Willard Elmer, the plaintiff gave to Elmer the business and test sittings referred to in the agreement as the consideration for the agreement, and at his request devoted much time and labor thereto.

The defendants demurred, and among the causes of demurrer alleged, that the above agreement annexed to the bill was a wagering contract and against public policy and void, and that it was without consideration.

In the Superior Court the case was heard by *Lawton*, J., who made a decree sustaining the demurrer and dismissing the bill. The plaintiff appealed; and, at the request of the plaintiff, the

judge reported the case for the determination of this court. If the demurrer was sustained rightly, the bill was to be dismissed; otherwise, the demurrer was to be overruled and the defendants were to answer to the plaintiff's bill.

*W. H. McClintock,* (*J. B. Carroll* with him,) for the plaintiff.
*C. W. Bosworth,* for the defendants.

HOLMES, C. J. It is hard to take any view of the supposed contract in which, if it were made upon consideration, it would not be a wager. But there was no consideration. The bill alleges no debt of Elmer to the plaintiff prior to the making of the writing. It alleges only that the plaintiff gave him sittings at his request. This may or may not have been upon an understanding or implication that he was to pay for them. If there was such an understanding it should have been alleged or the liability of Elmer in some way shown. If, as we must assume and as the writing seems to imply, there was no such understanding, the consideration was executed and would not support a promise made at a later time. The modern authorities which speak of services rendered upon request as supporting a promise must be confined to cases where the request implies an undertaking to pay, and do not mean that what was done as a mere favor can be turned into a consideration at a later time by the fact that it was asked for. See Langdell, Contracts, §§ 92 *et seq.; Chamberlin* v. *Whitford,* 102 Mass. 448, 450; *Dearborn* v. *Bowman,* 3 Met. 155, 158; *Johnson* v. *Kimball,* 172 Mass. 398, 400.

It may be added that even if Elmer was under a previous liability to the plaintiff it is not alleged that the agreement sued upon was received in satisfaction of it, either absolutely or conditionally, and this again cannot be implied in favor of the plaintiff's bill. It is not necessary to consider what further difficulties there might be in the way of granting relief.

*Bill dismissed.*