MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
*vs.* HETTY GREEN.

Hampden.    September 23, 1903. — March 30, 1904.

Present: MORTON, LATHROP, BARKER, HAMMOND, LORING,
& BRALEY, JJ.

*Contract,* Implied: Common counts, Consideration. *Pleading, Civil.*

No action lies to recover money paid for taxes for which the defendant was liable not paid at the defendant's request.

A count for money paid, bad for want of an averment that the money was paid at the defendant's request, is not cured by an allegation of a subsequent promise of the defendant to pay the money to the plaintiff.

If one pays by mistake a tax bill on land belonging to another person supposing it

to be for a tax upon his own land, and the landowner promises to repay the amount if permitted to see his account kept by the person who paid the tax to ascertain whether the tax in fact was paid on his land, the performance of this condition is no consideration for the promise of the landowner to repay the amount of the tax, as he already had a right to examine his own account.

Under a count upon an account annexed, a plaintiff can recover for money paid without an express averment that the money was paid at the defendant's request, such an averment being implied by force of R. L. c. 173, § 6, cl. 8.

CONTRACT for $1,105.88 paid by the plaintiff for taxes for which the defendant was liable, with four counts as described in the opinion. Writ dated December 1, 1902.

The defendant demurred. The Superior Court sustained the demurrer, and gave judgment for the defendant. The plaintiff appealed.

The case was submitted on briefs at the sitting of the court in September, 1903, and afterwards was submitted on briefs to all the justices except *Knowlton*, C. J.

*W. W. McClench*, for the plaintiff.

*J. B. Carroll & W. H. McClintock*, for the defendant.

LORING, J. In this case both the plaintiff and the defendant owned land in the northeast one fourth of section 13, Township 37, north, Range 13, in Cook County, Illinois. The plaintiff received a bill for taxes on a lot in said northeast one fourth, which it paid, supposing it was for a tax on its land. It turned out subsequently that it was for a tax on the defendant's land; and thereupon this action was brought to recover the amount of the tax from the defendant. The declaration contained four counts. The first was a count on an account annexed; the second stated the facts and concluded with a statement that by reason thereof the defendant became bound to repay the money to the plaintiff because it was paid for the defendant's benefit; the third count added that upon the mistake being discovered the defendant agreed to repay the amount to the plaintiff, and in the fourth the plaintiff counted on a promise to repay the amount if the plaintiff would give the defendant an opportunity to examine her own accounts. It is alleged that all the counts are for the same cause of action.

The second count is bad because it is not alleged that the money was paid at the defendant's request. *Roxbury* v. *Worcester Turnpike Co.* 2 Pick. 41. *Winsor* v. *Savage*, 9 Met. 346.

*Middleborough* v. *Taunton*, 2 Cush. 406. *South Scituate* v. *Hanover*, 9 Gray, 420. *Bicknell* v. *Bicknell*, 111 Mass. 265. *Mansfield* v. *Edwards*, 136 Mass. 15.

This defect in the second count is (so the plaintiff contends) cured by the allegation in the third and fourth counts of a subsequent express promise on the part of the defendant to pay this sum to the plaintiff. Its contention is that a subsequent promise is equivalent to a previous request, and that *Gleason* v. *Dyke*, 22 Pick. 390, is an authority for that proposition; that *Gleason* v. *Dyke* was cited with approval in *Smith* v. *Bartholomew*, 1 Met. 276, and never has been overruled. But although it is not referred to by name, *Gleason* v. *Dyke* was overruled by *Dearborn* v. *Bowman*, 3 Met. 155, so far as this ground for the decision in *Gleason* v. *Dyke* goes. The original case of *Gleason* v. *Dyke* was well decided on the ground that the plaintiff was forced to pay the money to protect the estate which the defendant had a right to redeem and did redeem. In the subsequent case of *Winsor* v. *Savage*, 9 Met. 346, 348, it is again stated that a subsequent ratification is equivalent to an original request, but this statement was *obiter* in that case. On the other hand *Dearborn* v. *Bowman* has since been affirmed on this point in *Shepherd* v. *Young*, 8 Gray, 152, *Chamberlin* v. *Whitford*, 102 Mass. 448, and *Moore* v. *Elmer*, 180 Mass. 15, 17, and must be taken to be the law of the Commonwealth. It is not necessary to discuss the cases cited by the plaintiff from other jurisdictions.

The plaintiff has not argued that the fourth count is helped by the allegation of the consideration which it contains.* The defendant's right to examine her own accounts was not within the plaintiff's control and his giving her an opportunity to do what she had a right to do is not a valid consideration for a promise on her part.

But we are of opinion that the demurrer to the count on the

---

* The allegation referred to was as follows: "That upon discovering the mistake, the plaintiff notified said defendant thereof and demanded payment of said sum from said defendant, and said defendant promised and agreed with said plaintiff that if said plaintiff would give the defendant opportunity to examine her accounts and to ascertain whether or not said plaintiff had in fact paid said taxes so as aforesaid assessed upon her land, she would repay said plaintiff the amount so paid by it, if it had in fact paid said taxes. And said plaintiff did wait a reasonable time for said defendant to ascertain said facts."

account annexed should have been overruled. The defendant's contention here is that it is not alleged in the account annexed that the money was paid at the request of the defendant. It seems to be assumed in *Rider* v. *Robbins*, 13 Mass. 284, that such an allegation was necessary at common law, while in *Newmarket Iron Foundry* v. *Harvey*, 23 N. H. 395, it seems to have been assumed that when the account annexed was used for money paid the common law imported the allegation that it was paid at the request of the defendant. However it may have been at common law, we are of opinion that under the practice act such an allegation is by legal intendment included in the count.

It is provided by the practice act, R. L. c. 173, § 6, cl. 7, that the common counts shall not be used unitedly; and by cl. 8, that a count on an account annexed may be used if one or more items are claimed, any of which would be correctly described by any one of the common counts. The commissioners, in a note to these two clauses as they were drafted by them, (Hall's Mass. Practice Act, 160, 161,) explained that their purpose in these two clauses was to avoid the confusion resulting from the use of all the common counts unitedly. What was meant by that was that the practice of inserting a number of the common counts to ensure the case proved at the trial being covered by the allegations in the declaration led to confusion, and to avoid that confusion the use of more than one of the common counts for one cause of action or item was forbidden ; and it was provided that if the plaintiff was uncertain what common count would meet the case when the evidence was in he could use a count on the account annexed, and that should be sufficient if the case proved would be correctly described by any one of the common counts. By the original practice act, St. 1851, c. 233, § 2, cl. 7, the count on an account annexed could be used only when two or more items were claimed. This left a plaintiff who brought an action to recover for only one item in the predicament of not being able to insert more than one common count in his declaration, and of being forbidden to use the count on an account annexed under the statute which allowed him to do so in case he was not entirely certain what case would be shown in evidence. This was corrected by the practice act of the following year, which allowed a plaintiff to use a count on an account annexed

when only one item was claimed as well as when two or more were in issue. St. 1852, c. 312, § 2, cl. 7. The result is that by force of the statute a plaintiff who declares on a count on an account annexed has by legal intendment made with respect to the item stated in the account annexed all the allegations contained in all the common counts, and the first count in the declaration standing by itself was good.

We do not think that it is bad because it is alleged in the declaration that all counts are for the same cause of action. We cannot say that the plaintiff did not insert the count on an account annexed for the very purpose of having that count in the declaration in case he succeeded in showing at the trial that the money was paid at the defendant's request, and that he inserted the other three counts to meet his case if he did not succeed in proving that the defendant requested it to pay the tax. The result is that the plaintiff has a right to go to trial for the purpose of proving that the money was paid at the defendant's request, but for that purpose only.

*Judgment sustaining demurrer to first count reversed; judgment sustaining demurrer to other counts affirmed.*