JOSEPH T. SHARP, APPELLANT, v. LEWIS H. HOOPES, APPELLEE.

Submitted March 23, 1906—Decided November 12, 1906.

Where A, without any employment by or knowledge by its owner, exhibits a house to one seeking a tenement, who afterwards rents the house directly from the owner, a subsequent promise by the owner to pay A for his services is without consideration.

On appeal from judgment of the Atlantic City District Court.

Before Justices FORT, GARRETSON and REED.

For the appellant, *Thompson & Cole.*

For the appellee, *William I. Garrison.*

The opinion of the court was delivered by

REED, J. Hoopes, the plaintiff below, sued to recover commission as a real estate agent for securing a tenant for a house belonging to Sharp. Mr. Hoopes met a lady who wished to rent a house. He seems to have known that Mr. Sharp had a house for rent. He went to the residence of a daughter of Mr. Sharp and there saw Mrs. Sharp, the wife of the defendant below, and got from her the amount of rental asked for the house. He then took the prospective tenant, Mrs. Johnson, to the house, then in the occupation of another tenant, and exhibited the same to Mrs. Johnson. Mr. Hoopes never saw or communicated with Mr. Sharp, but afterwards Mrs. Johnson saw Sharp and rented the prop-

erty directly from him. There had therefore been no employment of Hoopes by Sharp, directly or indirectly, in the transaction.

The trial court charged the jury that there was no evidence of any employment of Hoopes by Sharp, so that question was not passed upon by the jury. The court told the jury that the only point for their consideration was whether Mr. Sharp, after the renting, confirmed and ratified Hoopes' acts and agreed to pay him a commission therefor.

The only testimony upon which a promise or ratification rested is that of the plaintiff. He says that after the renting he met Mr. Sharp, and "I told him I understood the house was rented by the party I introduced, and, of course, I expected a commission; he [Sharp] told me to see Mrs. Johnson, and if she would not pay he supposed he would have to."

Mr. Sharp admits the conversation, but says the language was that "if Mrs. Sharp put it in Hoopes' hands, he supposed he would have to pay it." The language of Mr. Sharp, if conceded to have been as Hoopes asserts, did not ratify any contract of employment, because no one had employed Hoopes purporting to represent Sharp. The language, if it amounted to a promise to pay at all, which is not admitted, did not ratify any contract, but was a new promise to pay Hoopes for service previously rendered, without any request, expressed or implied. Such a promise was devoid of any consideration to support it.

In *Lampleigh* v. *Brathwait,* 1 *S. L. C. A., marg. p.* 264, it was resolved that a mere voluntary courtesy will not have a consideration to uphold an *assumpsit.* The same doctrine is asserted in *Eastwood* v. *Kenyon,* 11 *Ad. & E.* 438, also reported in 6 *Eng. Rul. Cas.* 23, and notes thereto.

There must have been at the time of the promise some perfect or imperfect legal liability to support the promise. A mere moral liability will not furnish a consideration. *Bartholomew* v. *Jackson,* 20 *Johns.* 28; *Chamberlin* v. *Whitford,* 102 *Mass.* 448; *Freeman* v. *Robinson,* 9 *Vroom* 383.

The judgment should be reversed.