## WILLIAM M. CONANT *vs.* CHARLES R. EVANS.

Suffolk.   November 10, 1908. — May 20, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Evidence,* Admissions and confessions.  *Estoppel.   Practice, Civil,* Further proof of admitted facts.   *Contract,* Consideration.

In an action of contract to recover $1,000 for performing a surgical operation, in which the answer contained a general denial, the defendant admitted that the operation was performed at his request and also admitted that he owed the plaintiff whatever his services were reasonably worth.  It appeared that there was no agreement as to compensation before the operation was performed, but that after the operation the plaintiff sent the defendant a bill for $1,000, and that a correspondence followed in which the defendant, although saying that he thought the charge was very high, repeatedly said in substance in his letters that he would pay the bill as soon as he could spare the money.  The judge ordered a verdict for the plaintiff in the full amount claimed, and the defendant alleged exceptions.  *Held,* that the statements of the defendant in his letters were competent evidence not only upon the question of liability but also in regard to the amount to be paid, and were not rendered incompetent by the defendant's admissions that the operation was performed at his request and that he owed the plaintiff whatever his services were reasonably worth, but that the admissions of the defendant and the statements in his letters were not conclusive either in regard to his liability or the amount to be recovered, and, it not having appeared that the plaintiff had done anything or had refrained from doing anything in reliance upon such admissions or statements, the defendant was not estopped to contest his liability or the amount to which the plaintiff was entitled; therefore, that the question what the services of the plaintiff reasonably were worth should have been left to the jury and the ordering of the verdict was erroneous.

Where, at the trial of an action of contract to recover compensation for services performed, in which the answer contains a general denial, the defendant admits that the services were performed at his request and that he owes the plaintiff whatever the services were reasonably worth, the plaintiff is not obliged to be content with these admissions but has a right to introduce evidence both as to the defendant's liability and as to the amount which the plaintiff is entitled to recover.

A promise to pay for services which already have been performed is without consideration.

CONTRACT for $1,000, as described in the opinion.   Writ in the Municipal Court of the City of Boston dated June 22, 1906.

On appeal to the Superior Court the case was tried before *Hardy,* J.   The action was brought to recover the compensation alleged to have been agreed upon for performing a surgical operation upon the defendant's son.   The defendant admitted

that the operation was performed at his request, and also admitted that he owed the plaintiff, after the operation had been performed, whatever the services were reasonably worth.

The letters of the defendant to the plaintiff, referred to in the opinion, contained, among other things, the following:

In a letter of January 12, 1905, was the following: "I would like to know if you would not be interested enough in the New England Storage Warehouse to take for your services ten shares of stock in the company and balance in cash when the same is issued to me, which will probably be before long. Under our prospectus, Mr. Woodruff and myself are entitled to $10,000 for carrying through the project and no stock has 'been sold to any one for less than $100 per share. The stock bears interest at the rate of 6 % per annum from the time it is paid for, and all of our subscribers think we have one of the best propositions that has ever been placed on the market."

In a letter of February 2, 1905, was the following: "The only reason I asked you to take ten shares of stock in part payment of your bill was that I have everything at the present time but money, and as the stock is exactly the same as money to me (we have raised at the present time some $300,000 and every one has paid in one hundred cents on the dollar with no guarantee of any kind) I thought possibly you might' like the investment. When it comes the proper time for me to sell my stock, after I have placed the other, of course, I would just as soon pay you the money, and if you can wait until that time I will send you a check."

In a letter of March 18, 1905, was the following: "I thought your price of $1,000 was very high, but as I placed myself in your hands, I do not see that I really have anything to complain of. . . .

"Just as soon as I can spare the money, I will send you a check for your bill."

In a letter of August 2, 1905, was the following: "Regarding my bill, I do not see how I can say any more than I have said, that just as soon as I can spare the money I will send you a check."

At the close of the evidence, the defendant asked the judge to make certain rulings, among which were the following :

" 4. The statements made in the letters may be considered as admissions by the defendant, not that he owed $1,000 as alleged by the plaintiff, but only to the extent that he owed the defendant something. That amount must be a fair and reasonable recompense for the particular operation. What amount is fair and reasonable lies wholly within the province of the jury to determine. The statements in the letters and the sum stated in the bill are merely recitals of a past transaction and as such are not admissible to prove what amount would be reasonable.

" 5. The letters of the defendant are inadmissible to prove the amount of the bill. Their only purpose would be to prove that the defendant admitted to the plaintiff a liability and to prejudice the jury. The defendant still admits a liability, though of a lesser amount than the plaintiff demands. Since the defendant makes this admission the letters become useless.

" 6. What is a reasonable charge is a question of fact lying wholly within the province of the jury. With the evidence, the fact that, in many cases, the plaintiff has made smaller charges than in the present case, the jury are empowered to consider all the evidence and to decide on what is reasonable wholly irrespective of the bill rendered by the plaintiff."

" 10. The mere fact that Mr. Evans did not object to the amount of the bill in his letter written after the fact, is not conclusive as to the reasonableness of the bill.

" 11. Even if the letter from Mr. Evans to Dr. Conant written some months after the operation constituted a promise on his part to pay the bill, that promise was made without consideration and is therefore not binding on Mr. Evans and does not preclude him from contesting the reasonableness of the bill."

The judge refused to make any of the rulings requested by the defendant, and ordered the jury to return a verdict for the plaintiff in the full amount claimed. The jury returned a verdict for the plaintiff in the sum of $1,178.33; and the defendant alleged exceptions.

*W. R. Evans, Jr.*, for the defendant.

*H. D. McLellan*, (*S. C. Bennett* with him,) for the plaintiff.

MORTON, J. This is an action of contract to recover for services rendered in performing an operation at the defendant's

request on the defendant's minor son.  The declaration is in three counts, the first alleging that the defendant employed the plaintiff to perform an operation on the defendant's son, which the plaintiff did, and that the defendant promised to pay the plaintiff the sum of $1,000 for his services, the second on an account annexed for services in operating on the defendant's son at his request, and the third alleging, like the first, that the plaintiff performed the operation at the defendant's request and then alleging that the defendant promised to pay what the services were reasonably worth, and that thereafter the plaintiff offered to accept and demanded of the defendant $1,000, and that the defendant promised to pay the same.

As we construe the first and third counts the promise alleged to have been made was made after the services were performed.  This construction accords with the facts as they appeared in evidence at the time.  The plaintiff did not contend and offered no evidence tending to show that the defendant promised to pay the sum named before the services were rendered and in consideration thereof.  What he did contend was, in effect, that the defendant had made certain admissions in reference to the plaintiff's bill in a correspondence, which took place between the parties after the services had been rendered and which was introduced in evidence by the plaintiff, which conclusively established, as he contended, the defendant's liability for the sum named and constituted an agreement to pay it. The judge so ruled and directed a verdict accordingly, and the principal question presented by the bill of exceptions is whether this ruling and direction were right.  We do not think that they were.

It is plain that the letters written by the defendant were competent so far as they contained any statements or admissions in relation to the matter in controversy, and the defendant's exception to their admission must, therefore, be overruled.  Such statements and admissions were competent not only in regard to the question of liability, but also in regard to the question of amount, and they were not rendered incompetent by reason of the defendant's admission that the operation was performed at his request and that he owed the plaintiff whatever his services were reasonably worth.  The answer was a general denial and

the plaintiff was not obliged to accept or be content with the concessions or admissions made by the defendant in the course of the trial. *Dawson* v. *Boston & Maine Railroad,* 156 Mass. 127. *Dorr* v. *Tremont National Bank,* 128 Mass. 349, 360. *Priest* v. *Groton,* 103 Mass. 530, 540.

But the statements and admissions made by the defendant in the correspondence, while admissible as evidence on the question of his liability and the amount thereof, were not of such a nature as to be conclusive in regard to either his liability or the amount thereof. There was nothing to show that the plaintiff did anything or refrained from doing anything in reliance upon such statements or admissions, and there was, therefore, no ground on which the defendant was estopped to contest his liability or the amount to which the plaintiff was entitled. *Mackay* v. *Holland,* 4 Met. 69.

So far as the services that were rendered were relied upon to support the express promise alleged to have been subsequently made, it is settled that they did not furnish a sufficient consideration for such promise. *Massachusetts Mutual Ins. Co.* v. *Green,* 185 Mass. 306. *Moore* v. *Elmer,* 180 Mass. 15. *Chamberlin* v. *Whitford,* 102 Mass. 448. The defendant, therefore, should have been permitted to introduce evidence, as he offered to do, of what the services rendered were reasonably worth, and the case should have been submitted to the jury under proper instructions. Many of the questions now raised may not arise at another trial, and therefore we have not dealt with the defendant's requests in detail.

*Exceptions sustained.*