SIDNEY L. BEALS *vs.* MARY L. MAGAW.

Suffolk.   March 27, 28, 1922. — July 1, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Contract*, Construction, What constitutes.

At the trial of an action for $19.17, alleged to have been paid by the plaintiff to a city for water rates at the defendant's request, it appeared that, after negotiations regarding the lease to the defendant of certain premises owned by the plaintiff and others as trustees under an unrecorded deed, an understanding was reached and the defendant was allowed to enter pending the execution of a lease; that the water was found to have been turned off and the city refused to turn it on unless a back bill was paid. The plaintiff testified that the defendant asked him to have the water turned on and agreed to reimburse him for any amount he might be obliged to pay for future water rates. The defendant testified that, while she asked to have the water restored so that she might prepare the house for occupancy, she did not promise to pay water rates except as provided in the lease. The plaintiff, after convincing the water department that the water could not lawfully be withheld until the bill of the previous tenant was paid, in February procured the turning on of the water by paying $19.17, "the smallest amount which would be received by the city as condition precedent to having the water turned on," this sum representing no part of the old bill, but covering rates following December. On February 27, a lease was executed by the defendant as lessee and in the name of the trustees' grantor, signed "by" the plaintiff, "Atty." The judge found "that the request of the defendant to have water turned on . . . was part of preparation for occupation under a lease and that no promise to pay other than that contemplated to be made by covenants in the lease was made," and found for the defendant. *Held*, that the credibility of the witnesses was for the judge to determine, and that, while he might have found for the plaintiff, his finding for the defendant was warranted.

CONTRACT for $19.17 with a declaration on an account annexed for a disbursement on February 19, 1919, for water rates at 851 Beacon Street in Boston.   Writ in the Municipal Court of the city of Boston dated April 17, 1919.

Material evidence at the trial in the Municipal Court is described in the opinion.   At the close of the evidence, the plaintiff made the following requests for rulings:

"1. If the defendant requested the plaintiff to get the water turned on for her benefit, she is liable in this action for the fee paid for the purpose by the plaintiff.

"2. If the court finds that the defendant asked the plaintiff to cause the water to be turned on and agreed to pay him for the money expended, she is liable for the money so expended by him.

"3. If the plaintiff expended $19.17 of his own money at the defendant's request, the defendant is liable therefor.

"4. The relations between the plaintiff and A. E. Little and the ownership of the premises are immaterial in this action.

"5. The obligations of the lease subsequently signed by the defendant are immaterial in this action.

"6. Any payment of water rates by a subsequent tenant is immaterial in this action.

"7. On all the evidence the defendant is liable to the plaintiff in the sum of $19.17."

Upon these requests the trial judge took the following action: "1, 2, 3: I give these rulings changing the words, 'is liable' to 'may be found to be liable.' I refuse them without that change because of my findings of fact. 4, 5, refused. 6, given. 7, refused." The judge found for the defendant and made the following finding of fact: "I find that the request of the defendant to have water turned on and the repairs made was part of preparation for occupation under a lease and that no promise to pay other than that contemplated to be made by covenants in the lease was made."

At the request of the plaintiff, the action was reported to the Appellate Division, who ordered the report dismissed. The plaintiff appealed.

*P. Nichols*, for the plaintiff.

*S. A. Dearborn*, (*N. Ullian* with him,) for the defendant.

BRALEY, J. This is an action of contract on an account annexed to recover $19.17 paid February 19, 1919, by the plaintiff to the city of Boston for water rates at 851 Beacon Street. The plaintiff testified that some twelve or fourteen years previous to the payment the premises had been bought by him and others as trustees under an unrecorded declaration of trust, the title being taken in the name of one Little, an attorney then in the same law office as the plaintiff. A deed from him to the trustees was given which never was recorded and had been mislaid or lost. In February, 1919, the plaintiff began negotiations with the defendant for leasing

the premises and, after an understanding had been reached but before the lease was executed, it was agreed that she might enter into possession. But, having done so, the defendant found the water had been turned off and upon inquiry ascertained that it would not be turned on unless the water bill of a previous tenant was paid. The defendant asked the plaintiff to cause the water to be turned on; and agreed to reimburse him for any amount he might be obliged to pay for future water rates. The plaintiff, after convincing the water department that the water could not lawfully be withheld until the bill of the previous tenant was paid, procured the turning on of the water by paying $19.17, "the smallest amount which would be received by the city as condition precedent to having the water turned on." The payment was for the water rates to December 31, 1919, and included no part of the "old bill." The defendant, although the amount paid has been demanded has never reimbursed the plaintiff. It further appears on the plaintiff's evidence that on February 27, 1919, a lease was executed for a term running from the first of March to the last of August, 1919, with the rent payable in advance in equal monthly payments, by which the tenant covenanted to pay all water rates which might be assessed during the term. The defendant paid the rent for March but defaulted in the April payment, when the plaintiff leased the premises to a new tenant who caused her to be evicted. The lease to the defendant was signed "Albert E. Little by Sidney L. Beals, Atty," and the plaintiff testified that he had authority from his co-trustee to manage the property while the title remained in Mr. Little, but on March 17, 1919, at Mr. Little's request a new deed of the property was delivered to him by Mr. Little in which the trustees were named as grantees, which had been recorded, and that while he managed the property as trustee "the water rates were paid by him out of his own money as a personal accommodation to the tenant." The plaintiff was corroborated by the evidence of his stenographer "that the defendant in her presence asked the plaintiff to have the water turned on and agreed to reimburse him for what he expended."

The trial court could find on this evidence that the payment of the plaintiff was not voluntary but was made at the defendant's request and for her benefit, *Massachusetts Mutual Life Ins. Co.* v.

*Green,* 185 Mass. 306, and accordingly he could recover. But the plaintiff had the burden of proof, and, the defendant having testified that while she asked to have the water restored so that she might prepare the house for occupancy, she did not promise to pay water rates except as provided in the lease. The credibility of the witnesses was for the court and we cannot say as matter of law that the finding of the Chief Justice "that the request of the defendant to have water turned on . . . was part of preparation for occupation under a lease and that no promise to pay other than that contemplated to be made by covenants in the lease was made," was unwarranted. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314.

The fourth, fifth and seventh requests were refused rightly and the order dismissing the report is affirmed.

*So ordered.*