CHARLES F. FIELD *vs.* JOHN D. HAMM.

Middlesex.    December 4, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Broker,* Commission. *Agency,* Existence of relation. *Contract,* What constitutes, Consideration. *Practice, Civil,* Conduct of trial: ordering verdict, judge's discretionary control of trial; Rules of court. *Superior Court. Rules of Court.*

At the trial of an action for a commission alleged to have been earned in procuring a sale of real estate of the defendant, there was evidence that the plaintiff, a neighbor of the defendant, who had heard that the defendant wished to sell his real estate, talked with a barber while being shaved about the desirability of the real estate and that as a consequence of the conversation the barber said that he would look at the premises; that thereafter the plaintiff saw the defendant and the defendant said that he would pay the plaintiff a commission if he should find a buyer; the plaintiff then told the defendant of his talk with the barber and that the barber would come to see the premises that evening; that the barber came to the plaintiff that evening and, not finding him, went to the defendant's house, examined the premises, and talked with the defendant; that the next day the defendant told the plaintiff of the conversation and asked what was the best that the plaintiff would

"take for a commission" if he, the defendant, lowered his price, and that the plaintiff answered, "$400"; that the defendant then said, "all right, I will work on that basis." A sale to the barber's wife was made without the plaintiff's having seen either the barber or his wife after his first talk while being shaved. *Held,* that

(1) The contract alleged and proved being that the defendant promised to pay a commission to the plaintiff if the plaintiff should find a buyer for the property, and the plaintiff thereafter having done nothing pursuant to that promise, a verdict for the defendant was necessary;

(2) The offer of the plaintiff, to take a less commission if the defendant was obliged to take a lower price in order to make the sale, was not the compromise of a disputed claim.

As a matter of practice, it is proper for a trial judge at the conclusion of the evidence at a trial to order a verdict for the defendant if there is no evidence warranting a verdict for the plaintiff, although the defendant has filed no motion to that effect under Common Law Rule 44 of the Superior Court (1923).

CONTRACT for a commission of $400 for the sale of real estate on Harding Avenue in Belmont. Writ dated October 23, 1924.

In the Superior Court, the action was tried before *Lummus,* J. Material evidence is described in the opinion. By order of the judge, without any motion having been made by the defendant, a verdict was ordered for the defendant. The plaintiff alleged exceptions.

*P. A. Northrup,* for the plaintiff.

No argument nor brief for the defendant.

RUGG, C.J. This is an action to recover a commission on the sale of real estate. The plaintiff was "manager of a furniture concern." He was acquainted with the defendant and lived on a street where the latter had a house for sale. The two talked about the property but no contract of employment then was made. The plaintiff, while being shaved, talked with his barber about the desirability of buying the defendant's house. The barber said he would look at the house that night. The plaintiff thereafter saw the defendant and asked if he would pay the plaintiff "a commission if he should find a buyer, and the defendant replied that he certainly would." The plaintiff then told the defendant of his conversation and disclosed the name of the prospective buyer and the fact that he was coming out that evening to

see the house. The barber and his wife came that evening to the house of the plaintiff and, not finding him, went on to the defendant's house and examined it and talked with him about buying. Next morning the defendant told the plaintiff of their visit and his negotiations and asked, "if I lower the price . . . what is the very best that you will take for commission?" and the plaintiff answered, "$400." The defendant inquired, "That will be perfectly satisfactory, will it?" and the plaintiff replied in the affirmative. The defendant said, "all right, I will work on that basis." The house was subsequently sold by the defendant to the wife of the barber. The plaintiff did not see the barber or his wife from the time of his talk while being shaved until after the transfer of the property.

At the conclusion of the testimony the judge, without any motion therefor being made by the defendant, directed a verdict in his favor.

As matter of substantive law the ruling was right. The contract alleged and proved was that the defendant promised to pay a commission to the plaintiff if the plaintiff should find a buyer for the property. The plaintiff did nothing pursuant to that promise. He did not thereafter find a buyer. All that he did toward finding a buyer confessedly was performed before the promise of the defendant. The past performance of services constitutes no consideration for an express promise, unless performed at the express or implied request of the defendant. *Dearborn* v. *Bowman,* 3 Met. 155, 158. *Chamberlin* v. *Whitford,* 102 Mass. 448, 450. *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306, 308. *Conant* v. *Evans,* 202 Mass. 34. *Williams* v. *Sneirson,* 225 Mass. 199. *Alexander* v. *Dove,* 231 Mass. 362, 366. *McCarthy* v. *Simon,* 247 Mass. 514, 522. *Mabee* v. *Hersum,* 248 Mass. 188. Plainly there was no such request by the defendant before the plaintiff did his work.

Neither the allegation nor the proof was to the effect that the promise was to pay the commission provided the plaintiff would give to the defendant the name of a person with whom he had already talked. That matter was not raised at the trial and need not be considered.

There is nothing in the argument that the offer of the plaintiff, to take a less commission if the defendant was obliged to take a lower price in order to make the sale, was the compromise of a disputed claim. There was at that time no claim, no dispute, nor any compromise.

As matter of practice the judge was right in ordering a verdict in the absence of a request therefor. His powers are not constricted by Common Law Rule 44 of the Superior Court (1923) to the effect that the question whether the court should order a verdict must be raised by motion in writing. That rule merely points out what steps a party must take to raise the question of law. The wise and impartial judge who discharges the duties of his office is the directing spirit, controlling mind and dominating force at the trial, and acts to the end that a just result be reached. *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502. *Posell* v. *Herscovitz*, 237 Mass. 513, 515. *O'Neill* v. *Ross*, 250 Mass. 92, 97, and cases there collected. He is authorized and ought to order a verdict if clearly convinced that the law requires that course, even though no motion is made.

*Exceptions overruled.*