WARNER & CO. *v.* BRUA ET AL.
WERTHEIM *v.* MUTSCHLER.

(Decided June 17, 1929.)

*Messrs. Le Blond, Morrissey, Terry & Gilday,* for plaintiff in error Warner & Company.

*Mr. Harry Hess,* for plaintiff in error Wertheim.

*Mr. Allen C. Roudebush,* for defendants in error Brua.

*Mr. Louis J. Schneider,* for defendant in error Mutschler.

HAMILTON, J. Suits were brought in these cases for the recovery of commissions claimed for the sale of real estate. The same question of law is presented in each cause, and the cases will therefore be considered together.

The plaintiff in each case was a real estate broker, and they pleaded contracts with the respective defendants under which they were engaged to sell certain real estate. Each pleaded that a valid contract was entered into with the purchaser for the real estate in question, and that, by reason thereof, he is entitled to commission for the sales.

The written contracts between the purchasers and the sellers are in the record. Immediately following the signature of the respective purchasers to the offer to purchase is a promise in writing to pay to the plaintiffs respectively a certain commission for the sale of the property. This statement in writing was in the contract at the time it was presented to the respective sellers. The signatures of the

sellers appear on the respective contracts after the promise to pay commission.

The cases were tried to the court and jury. At the close of the evidence, on motion of the defendants, the court granted motions for an instructed verdict in favor of the defendants, and judgments were entered on the verdicts so rendered. From those judgments, plaintiffs below prosecute error to this court, and are plaintiffs in error here.

The only question of law presented necessary for consideration is whether or not there is any consideration for the written promise to pay commission.

The record discloses, and the evidence so shows, in each case, that the purchaser was procured by the plaintiff without any contract of employment on the part of plaintiff with the defendant. It appears that plaintiffs presented signed offers of the purchasers, with statements added thereto in the form of promises on the part of the sellers to pay the commissions. There is some evidence to the effect that the plaintiffs had consulted the defendants with reference to the tender of an offer at a certain price for their property, which was not satisfactory, and later other offers were presented. All of this work, however, was done without any valid contractual relation with the owners of the property.

The law of Ohio requires a promise to pay commission for the sale of real estate to be in writing before an action can be maintained therefor. The situation, then, here is that the parties had performed all the service without any promise in writing, and then sought at the time of the presentation

of the contracts signed by the purchasers to bring themselves within the law by adding the promises in writing. The general rule is that past consideration will not support a promise. After the signing of the promises, plaintiffs did nothing toward procuring buyers or toward the sale of the property. All this work had been done prior thereto. The facts bring the cases within the rule laid down in the case of *Shields* v. *Sterrat,* 77 N. J. Law, 404, 71 A., 1129, wherein it was held:

"As no service was rendered by the agent after the written agreement was executed, the written contract was nothing more than a subsequent promise to pay for services already rendered, and, having no consideration to support it, falls within the rule laid down in *Stout* v. *Humphrey,* 69 N. J. Law [40 Vroom], 436, 55 Atl., 281."

And the court in the *Shields case* held that under the circumstances plaintiff was not entitled to recover. To the same effect is the holding in the case of *Field* v. *Hamm,* 254 Mass., 268, 150 N. E., 3.

The cases are not uniform on the question of past consideration as supporting an express assumption. Some of the cases go so far as to hold a moral obligation sufficient to support an express promise. But these cases are largely based on facts involving personal service. However that may be, we are of opinion that the great weight of authority on the law applicable to the instant case is in line with the case of *Field* v. *Hamm, supra,* The cases are collated in 17 A. L. R., 1300-1376.

Had there been evidence of oral contracts employing the plaintiffs, it would not have helped their position, since they would have been acting under

unenforceable contracts at the time. The record shows that there was no service rendered and nothing done by plaintiffs after the signing of the written promises to pay commissions.

Had the allegations and the proof been to the effect that the plaintiffs agreed at the time with the defendants to give them the names of the purchasers, or the signed contracts of the purchasers, for the consideration named, an entirely different question would be here presented. But in this case the petition is grounded on the proposition of employment by the defendants to sell the property, or to find the purchasers. As to this the proof fails entirely. There is no allegation or proof that the written promise was given for the delivery of the names of the purchasers or the purchasers' signed contracts.

There being no supporting consideration for the written promise to pay commissions, the judgments will be affirmed.

*Judgments affirmed.*

CUSHING, P. J., and ROSS, J., concur.