## SMITH v WATTERS

Ohio Appeals, 9th Dist, Summit Co
No. 1874.  Decided April 6, 1931

Lee J. Myers, Akron, for Smith.
Clyde F. Beery, Akron, for Watters.

564

WASHBURN, J.

Although the promise to pay a commission is not contained in a written contract between the plaintiff and defendant, it is not for that reason an insufficient memorandum under the statute.

Jacobs v The Joseph E. Copp Co., 123 Oh St, 146.

Clark on Contracts, Sec. 50, p. 116.

It is contended, however, that it is not a sufficient memorandum to satisfy the requirements of §8621 GC, because no consideration for the promise is stated in the writing.

There is a considerable conflict of opinion and diversity of holding on the question whether the memorandum of a contract falling within the statute of frauds must express the consideration. The statutes of some states expressly require the consideration to be stated, and other states expressly declare that the memorandum is sufficient although the consideration is not stated. But where the question is not controlled by a specific statute on the subject, the courts of some states hold that a memorandum is not sufficient unless the consideration is stated, and the courts of other states hold that the memorandum is sufficient although the consideration is not stated, and that parol evidence is competent to prove the consideration.

In the memorandum in this case the promise of the defendant was to pay "a real estate commission" to the plaitiff, which in itself indicates that the consideration for the promise was services rendered or to be rendered in negotiating the contract of exchange of properties referred to in the contract in which the promise was made, and we think that the memorandum was sufficient because the consideration claimed appears from the writing and the surrounding circumstances to be gathered from it; but in any event, very early in the history of the state of Ohio, the Supreme Court adopted the view that the consideration need not be stated in the memorandum.

Reed v Evans, 17 Ohio 128.

That case, so far as we can find, has not been reversed or modified, but on the contrary, so far as we know, has been applied and followed by the courts of Ohio since its date in 1848.

In the opinion in the case of Duckwall v Rogers, 15 Oh St, 544, at p 546, it is specifically stated that the "consideration * * * in this state need not be stated in the writing" (citing with approval Reed v Evans, supra), and it is also therein stated that "if, however, the rule were otherwise, a consideration is clearly inferable from the face of the instrument," which, as we have pointed out, is also true in the case at bar.

We therefore hold that the memorandum in question is not insufficient because it fails to state a consideration for the promise, and that the admission of said memorandum in evidence and of the oral evidence which was offered tending to prove a consideration, was proper in this case, and that its later exclusion by the court was erroneous.

It is next contended that in fact there was no consideration for the promise contained in the memorandum in the case at bar. It is urged that the services rendered by the plaintiff were rendered without any binding agreement to pay therefor, and therefore could not constitute a consideration for the promise contained in the written memorandum; that the past performance of services constitute no consideration for an express promise, and as authority for such claim the following cases are cited:

Warner & Co. v Brua, et al, 33 Oh Ap 84
Field v Hamm, 254 Mass. 268.
Syring v Zelensky, 77 N. J. Law 406.
Stout v Lambert, 69 N. J. Law 436.

In the case of Warner & Co. v Brua, supra, there was no evidence tending to prove that the services rendered were performed at the express or implied request of the defendant, and there were no services performed after the written memorandum was signed by the party to be charged. These facts differentiate said case from the case at bar, but it is said in that case that "had there been evidence of oral contracts employing the plaintiffs, it would not have helped their position, since they would have been acting under unenforceable contracts at the time."

Where services are rendered without an express or implied promise to pay therefor and there is no legal but only a moral obligation to pay therefor, such moral obligation will not constitute a consideration for an executory promise to pay for such services. However, if services are rendered with an express or implied promise to pay therefor and such promise is not enforceable because not in writing as required by the statute of frauds, a legal obligation to pay for such services would have existed but for the statute of frauds, and as the statute does not declare the promise void but only makes it unprovable, the better rule would seem to be that under such circumstances the moral obligation to pay may constitute a consideration for a subsequently made written promise to pay, required by the statute of frauds.

But we need not determine in this case whether the statement hereinbefore quoted from Warner & Co. v Brua is a correct statement of the law, because in the case at bar there was evidence before the court that the plaintiff rendered services after the signing of the written memorandum by the defendant, which services were a necessary prerequisite to plaintiff's claim for a commission regardless of the question as to whether there was a written contract to pay commission. At the time the memorandum agreeing to pay commission was signed by the defendant, there was no binding agreement by Dales to make the exchange, and there was evidence tending to prove that after said memorandum was signed by the defendant, the plaintiff, at the instance and request of the defendant, procured Dales to sign the agreement to make the exchange, and in this particular the case at bar differs from all of the cases cited by the defendant in support of her contention.

The contract importing a consideration, and there being evidence tending to prove that, as contemplated by the parties at the time the memorandum was signed, services were rendered by the plaintiff after the signing of said memorandum by the defendant, there was before the court at the time said motion was made, some evidence of a consideration for the promise made by the defendant; and upon the motion to direct a verdict, the court was required to treat as proven all facts which the evidence tended to prove and it was error for the court to direct a verdict for the defendant and render a judgment in favor of the defendant.

Having reached this conclusion, it is unnecessary for us to pass upon the other claim made by the plaintiff, which is that at the time he asked permission to dismiss his case without prejudice, he had a right, under 11586 GC, to do so.

For error in excluding evidence and in directing a verdict and rendering judgment for the defendant, the judgment of the Common Pleas Court is reversed and the cause remanded.

PARDEE, PJ, and FUNK, J, concur.