*Municipal Court of the City of Boston*

No. 474042

**SAMUEL L. MARNOY**
v.
**HAROLD J. ST. JAMES**

(June 6 — November 5, 1958)

*Present:* Lewiton, J. (Presiding), Roberts and Shamon, JJ.

Case tried to *Adlow, C. J.*

*Lewiton, J.* In this action of contract the plaintiff seeks to recover for medical services which he rendered to one Mrs. Tibbetts, mother-in-law of the defendant, under the circumstances narrated below. The case is here on report of the defendant's claim that he was aggrieved by certain rulings made by the trial judge, who thereafter made a finding for the plaintiff.

The evidence most favorable to the plaintiff may be summarized as follows:

Mrs. Ida E. Tibbetts, mother-in-law of the defendant, lived in his household and was supported by him. On November 17, 1954 Mrs. Tibbetts fell in her bedroom and the defendant took her to the office of a Dr. Marsh, their family physician. Dr. Marsh

examined Mrs. Tibbetts and instructed the defendant to admit her to the Roslindale General Hospital, which the defendant did. On November 17, 1954, the plaintiff, an orthopedic surgeon with offices in Boston, was called by Dr. Marsh to treat Mrs. Tibbetts for a fracture of the shaft of the arm bone. The plaintiff operated on her at the Roslindale General Hospital on November 17, 1954.

After the operation, the plaintiff saw the defendant and his wife in the lobby of the hospital, and had a conversation with the defendant in the course of which the defendant said to the plaintiff, "Send the bill to me, Doctor." The plaintiff had not known or met the defendant prior to this time.

The plaintiff saw Mrs. Tibbetts again at the hospital the next day. He sent a bill to the defendant in the amount of $175, which was a fair and reasonable charge for the services rendered Mrs. Tibbetts. The defendant has refused to pay this bill, although he has paid the bills of Dr. Marsh and of the Roslindale General Hospital for the services rendered by them to Mrs. Tibbetts.

The correctness of the questioned rulings depends on whether the evidence warranted a finding that the defendant had made a binding promise to the plaintiff to pay for the services rendered by the latter to Mrs. Tibbetts. In our opinion, such a finding was justified by the evidence and the permissible inferences therefrom.

It is generally true, as the defendant con-

tends, that an executed and past consideration is not sufficient to support a subsequent promise, and that services fully rendered prior to the making of a promise would not be legally sufficient consideration to support a subsequent promise to pay for them in the absence of special circumstances, such as if the services had been rendered at the express request of the defendant or under such circumstances that the law would imply a request. *Chamberlin v. Whitford,* 102 Mass. 448, 450; *Mills v. Wyman,* 3 Pick. 207; *Conant v. Evans,* 202 Mass. 34; *Mass. Mut. Life Ins. Co. v. Green,* 185 Mass. 306, 308. However, it is equally true that a promise to pay for services will be binding if at the time the promise is made some of the services still remain to be performed, and are in fact thereafter performed in reliance upon the promise. In such a case the promise to pay for all of the services, past as well as future, is deemed to be supported by legally sufficient consideration. *Rice v. Dwight Mfg. Co.,* 2 Cush. 80, 88; *Loomis v. Newhall,* 15 Pick. 159, 164, 165-6; *Vinal v. Richardson,* 13 Allen 521, 526; *Central Hanover Bank & Trust Co. v. United Traction Co.,* 95 F2d 50, 55; *Graham v. Stanton,* 177 Mass. 321, 326; *Williston on Contracts (Rev. Ed.)* §134. *Restatement: Contracts,* §84.

It is also well established that the legal sufficiency of consideration to support a promise does not depend on its adequacy and it is therefore not material, in testing sufficiency of the consideration, to measure the ratio

of past services to future services for which a single promise to pay is made. *Vinal v. Richardson*, 13 Allen 521, 526; *Manson & MacPhee v. Flanagan*, 233 Mass. 150, 153; *Barnett v. Rosen*, 235 Mass. 244, 249; *M. E. Hall Co. v. Gale*, 248 Mass. 299, 302; *Restatement: Contracts*, §81.

In the instant case, when the defendant directed the plaintiff to "send the bill" to him, both parties could be assumed to have contemplated that the bill would cover the plaintiff's charges for all services rendered and to be rendered by him to Mrs. Tibbetts, and the defendant's quoted direction with respect to the bill could properly be construed by the trial judge as a promise by him to pay for such charges. In view of the substantially universal practice of surgeons in this area to make at least one follow-up visit to patients upon whom they have operated, the promise of the defendant made immediately after the operation could properly be interpreted as being applicable to payment for such future visit or visits as the plaintiff might make to Mrs. Tibbetts, as well as being applicable to the operation which had just been performed on her arm. The subsequent visit made by the plaintiff to his patient on the day following the defendant's promise thus constituted sufficient consideration to support the promise. On this view of the evidence the trial judge properly denied the defendant's requested ruling that the evidence was insufficient to warrant a finding for the plaintiff. The permissible finding of a direct

contractual relationship between the plaintiff and the defendant also warranted a denial of requests for rulings based on the theory that liability was sought to be imposed on the defendant for a debt of his mother-in-law.

Our conclusion makes unnecessary an inquiry as to whether the defendant expressly or impliedly authorized Dr. Marsh to employ the plaintiff in his behalf or whether the defendant's direction that the bill be sent to him amounted to a ratification of the plaintiff's employment by Dr. Marsh, as argued by the plaintiff in his brief.

*Report dismissed.*

Philip Kastel, of Boston, for the plaintiff.

Abraham Newman, of Roslindale, for the defendant.