**Paul EDWARDS, Plaintiff in Error,**

v.

**Opal Irene PETROSS and David H. Sanders, Defendants in Error.**

No. 39784.

Supreme Court of Oklahoma.

May 14, 1963.

Baker & Baker, Tulsa, for plaintiff in error.

Sanders, McElroy & Whitten, Tulsa, for defendants in error.

WILLIAMS, Justice.

Paul Edwards, plaintiff in error, assignee of seller of real estate, instituted this action to recover under the terms of a certain contract from defendants in error, Opal Irene Petross and David Sanders, $1000.00, deposited with defendant Petross and now held as liquidated damages. Plaintiff in error appeals from judgment entered for defendants in error following the sustaining of demurrers of defendants in error to his petition. The parties are referred to hereinafter as they appeared in the trial court.

In his petition plaintiff alleged that on April 23, 1956, Nedra Montfort entered into a contract with Mr. and Mrs. Morris to sell the latter certain real estate; that said contract is attached to the petition and made a part thereof; that under the terms of the contract the Morrises deposited

$1000.00 with defendant Petross which would be held as liquidated damages in the event the Morrises failed to purchase; that they refused to purchase; that defendant Petross transferred the $1000.00 to defendant Sanders, who is holding such as agent and attorney for defendant Petross; that by the provisions of the contract Montfort agreed that in the event the $1000.00 was held as liquidated damages fifty per cent (50%) of same would be paid to defendant Petross as her broker's commission; that defendant Petross is entitled to fifty per cent (50%) of said money, but refuses to join as plaintiff, and therefore is made a defendant; that on the 28th day of January, 1957, Montfort assigned to plaintiff all her interest in the liquidated damages. In an "Amendment to Petition" plaintiff alleged that demands had been made on defendants for the sum of $500.00, which demands had been refused.

In its "Order Sustaining Demurrers" the trial court found "that the demurrer of Opal Irene Petross should be sustained upon the ground that the statute of limitations for the recovery of personal property has barred plaintiff's claim;" and "that the demurrer of David H. Sanders should be sustained for the reason that said petition fails to state a cause of action warranting personal judgment against the said David H. Sanders."

For reversal plaintiff advances the following proposition:

"The trial court erred in sustaining defendants' demurrers for the reason that this was an action on a written contract and the applicable period of limitation is five (5) years."

12 O.S.1961 § 95, in pertinent part, provides:

"Civil actions * * * can only be brought within the following periods after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract, agreement or promise in writing. * * *

"Third. Within two years: * * * [A]n action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property."

Plaintiff contends that the first subsection of section 95 is applicable; that defendant Sanders was at all times acting as Petross' agent and stands in a position identical to that of his principal.

It is to be noted that in the contract between the buyer and seller it was specifically provided that the $1000.00 down payment made by buyer, and receipt of which was acknowledged by seller, was deposited with said Opal Irene Petross. Further it is noted that below the signatures of Montfort and Mr. and Mrs. Morris to the contract to which reference has been made herein appears the following paragraph:

"I, or we, the seller hereby approve this contract and agree to pay Opal Irene Petross, agent, a commission of 5%, upon the closing of this sale. In the event the above mentioned earnest money is held as liquidated damages, the seller agree to pay said agent 50 per cent of same, said 50 per cent not to exceed the regular broker's commission on this transaction."

Following such paragraph is the signature of Montfort.

In 12 Am.Jur. Contracts, para. 8, p. 506 is the following:

"A contract is unilateral when one party who makes a promise has received a consideration other than a promise to make the contract binding. A unilateral contract is also defined as one in which there is a promise on one side only, the consideration therefor being an Act. * * * Still another illustration is an agreement signed by an owner of property to pay a broker commissions in the event the broker finds a purchaser for the property. * * * After the act upon which the promise is based is performed, a valid contract comes into existence."

▉ In the case of Rich v. Doneghey, 71 Okl. 204, 177 P. 86, 90, 3 A.L.R. 352, this court said:

"The trial court held that the contract * * * was 'unilateral and void.' Strictly speaking, a unilateral contract is one in which there is a promise on one side only, the consideration on the other side being executed. Evidently the term was not used in that sense by the trial court, for such contracts are not void, but are equally as valid as bilateral contracts * * *."

▉ In the above paragraph, the promise of Montfort was to pay "a commission" and in the event that the sale was not consummated such commission would be 50% of the liquidated damages * * * This indicates that the consideration for the promise was rendered in negotiating the contract of sale, i. e. securing a purchaser. That such was the consideration is demonstrated in the paragraph here involved and the surrounding circumstances to be gathered from that paragraph and from the contract appearing on the same sheet of paper with it. In the light of the allegations of the petition in this case, including the exhibits thereto, we determine that such paragraph sufficiently set forth the consideration to be performed by Petross, or that had been performed by her, and sufficiently alleged a unilateral contract binding upon her.

In Owens v. Baker et al., 48 Ohio App. 347, 193 N.E. 778, the court said in the syllabus:

"Where it is reasonable to imply a promise as consideration for an executed condition, a later express promise will be supported by the previously executed condition."

In the body of the opinion, 193 N.E. at page 781, the court stated:

"The author (Elliott on Contract) continues, and clearly shows that all 'executed considerations' are not 'past

considerations' in the light that there is 'no consideration,' and in conclusion rightly says: 'That which is often called a past consideration may support a subsequent promise where there was a request, either actual or implied, under said circumstances as evidence an intention that there should be a recompense.' "

In Smith v. Watters, 38 Ohio App. 437, 176 N.E. 466, the court in the first paragraph of the syllabus said:

"A written promise to pay a commission to a real estate broker, signed by the party to be charged, and relied upon by the broker, is sufficient upon which to base an action at law to recover said commission, although the promise is contained in a contract in which the broker is not a party."

Defendant Petross does not argue that she could not sue on the contract. If she could sue on unilateral contract, then plaintiff under the facts of this case should be allowed to bring an action based on the terms of such contract.

Under the provisions of the contract entered into by Montfort and the Morrises upon the latter's default the $1000.00 was held as liquidated damages. The contract between Montfort and defendant Petross provided that they would share equally.

Defendant in receiving without objection the $1000.00, accepted all benefits accruing to her under the contract.

Defendant Petross, by her demurrer, admitted receipt of the sum of $1000.00.

■ In Seitz v. Jones, Okl., 370 P.2d 300, 302, the court said:

"We have consistently held a demurrer admits the truth of all facts well pleaded, together with all inferences which may be reasonably drawn therefrom, and the petition should be liberally construed in favor of the plaintiff."

15 O.S.1955 Supp. § 75 states:

"A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known to the person accepting."

In the case of First National Bank of Berwyn, Okl. v. Raymer, 180 Okl. 529, 71 P.2d 485, in the first and fifth paragraphs of the syllabus the court said:

"When a contract between two persons is reduced to writing and signed by only one of them, but accepted by the other, it becomes, in contemplation of law, a written contract binding both.

"An action for recovery of unpaid consideration recited in a deed may be brought within five years after the date of such deed."

In the case of Norton & Lamphere Construction Co. v. Blow & Cote, Inc., Vt., 183 A.2d 230, 234, the court said:

" * * * The accepting and adopting of a written contract by a party who has not put his name to it, binds such party equally as if he had signed such contract. When this contract was accepted by the plaintiff, under the circumstances existing here, it became binding upon both parties, the same as if it had been signed by both. * * * "

Defendant Sanders was alleged to be the agent of defendant Petross (that is, holding the money in trust) and on demurrer to the petition the allegations of the petition would be taken as true, and he would therefore stand in the same shoes as his principal.

■ Plaintiff's suit being founded upon a contract in writing, the five years statute referred to above and not the two years statute relied on by the defendant and trial court, governs and determines the issue of limitation against defendants. The judgment of the trial court is, therefore, reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.