## EDWIN K. BEARSE *vs.* JOHN L. McLEAN.

Suffolk. November 22, 1907. — June 15, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Practice, Civil,* Findings of trial judge. *Statute,* Extraterritoriality. *Conflict of Laws. Contract,* Validity. *Wagering Contracts.*

The findings of fact made by a trial judge sitting without a jury are not open to revision if there is evidence on which they could have been made.

R. L. c. 74, § 7, making void a contract for the sale of securities unless the person contracting to sell them is the owner or assignee or is authorized to sell by the owner or assignee or his agent, applies only to contracts made in this Commonwealth.

R. L. c. 99, § 4, giving the right to recover money paid on margins under the wagering contracts described in that section, does not apply to contracts made outside this Commonwealth.

Rugg, J.　This is an action of contract brought under R. L. c. 99, § 4, to recover the payments made and the value of securities delivered to the defendant, a stockbroker, as margins for the purchases and sales of stocks.　A judge of the Superior Court, sitting without a jury, made a finding that "there were actual purchases and sales or valid contracts for such purchases and sales, made by the defendant for the account of the plaintiff in accordance with the terms of employment of the defendant by the plaintiff." *　The findings of fact made by a trial judge are not open to revision in the appellate tribunal. They can be set aside only when they have no foundation in evidence.　It is not for us to say what inferences appear the more reasonable.　We incline to the view that there was evidence which, taken at its full weight, supports the conclusions that the relation between the plaintiff and the defendant was that of principal and agent, so that this action comes under the second branch of the statute, and that the plaintiff employed the defendant as his agent to go to New York and there make the several purchases of stock, on account of which the payments now sought to be recovered were made.　These being found as facts, the question of the validity of the contracts for purchase or sale depends upon the law prevailing where such contracts are made.　R. L. c. 74, § 7, governs only contracts made in this Commonwealth.　R. L. c. 99, § 4, does not provide that the validity of the contracts there described shall depend upon the law of this jurisdiction, unless they are made here, but leaves their legality to stand or fall upon the law of the place where the contract is made.　No evidence was introduced as to the law of New York.　Hence it must be assumed to be the same as the common law of this Commonwealth.　The method of purchase, sale and delivery of stocks disclosed upon this record as obtaining in the Consolidated Exchange, assuming that the transactions were genuine, may have been found to be valid at common law

---

* The case was heard by *Hitchcock,* J., upon an auditor's report.　The judge found for the defendant; and the plaintiff alleged exceptions.

and therefore valid in New York. It follows that it cannot be said that there was error of law in denying the several requests for rulings presented by the plaintiff.

*Exceptions overruled.*

*F. E. Barnard*, for the plaintiff.
*I. McD. Garfield*, for the defendant.