SAMUEL EISEMAN & CO. INC. *vs.* ABRAHAM L. RICE &
another.

Suffolk.    January 10, 11, 1924. — February 29, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Sale.*

In an action, where the declaration was upon an account annexed for
merchandise sold and delivered, a judge, who heard the action without
a jury, upon evidence warranting the finding, found that by agreement
of the parties the time originally set for delivery was postponed to a
specified date and that, before the later date, the defendant gave the
plaintiff to understand that he would not accept nor pay for the goods
if shipped on that later date.   It appeared that the goods had been
manufactured and shipped to the defendant at a date previous to the
later date, had been returned by the defendant to the plaintiff, and then
were held by the plaintiff for later shipment.   *Held,* that
    (1) The failure by the plaintiff, after repudiation by the defendant,
to ship the goods on the later specified date did not preclude recovery;
    (2) The goods were set apart as the property of the defendant and
the evidence warranted findings that the sale was completed and that
the title passed;
    (3) A finding for the plaintiff was warranted.

CONTRACT for $4,369.30, against Abraham L. Rice and
David Rice, copartners doing business under the name of
Lion Neckwear Company, upon an account annexed for
merchandise.   Writ dated May 21, 1921.

In the Superior Court, the action was heard by *McLaughlin,*
J., without a jury.   Material evidence is described in the
opinion.   Requests by the defendant for rulings and the
disposition thereof by the trial judge were as follows:

" 1. That on all the evidence the plaintiff cannot recover."
Refused.

" 2. That on all the evidence the plaintiff cannot recover
for the so-called first item (sample), set forth in its declara-
tion."   Refused.

" 3. That on all the evidence the plaintiff cannot recover
for the so-called second item (sample), in its declaration."
Refused.

" 4. That on all the evidence the plaintiff cannot recover for the so-called third item (large item), in its declaration." Refused.

The judge found for the plaintiff in the sum of $4,645.46. The defendant alleged exceptions.

*J. L. Sheehan,* (*S. S. Shore* with him,) for the defendants.
*P. M. Lewis,* for the plaintiff.

DeCourcy, J.    This is an action to recover on an account annexed, and was tried by a judge of the Superior Court without a jury. There was a finding for the plaintiff. The defendant's exceptions relate to evidence, and to the refusal of the judge to give certain requested rulings.

On the evidence favorable to the plaintiff the trial judge could find the following facts: The defendants are manufacturers of neckties. Under their firm name of Lion Neckwear Company they ordered from the plaintiff, a wholesale dealer in silks, a number of patterns of printed poplin. The material was not then finished, but the designs were selected, and subsequently the patterns were printed according to the order sketches. The samples (items 1 and 2) were to be shipped June 1, 1920, and were in fact all sent by June 7. They were received by the defendants, who used at least some of them, and later (March 3, 1921) acknowledged their indebtedness therefor, amounting to $602.55. By an agreement modifying the original contract, the third item of seventy-two pieces was to be delivered and billed September 1, 1920. These goods were sent in June, but the defendants refused to accept them: writing that they were obliged to do so because of the " sudden standstill of business," adding that they had " enough goods on hand of the old numbers which have not as yet been disposed," and asking the plaintiff to keep the goods until September 1. They were then recalled by the plaintiff, and held awaiting the defendants' orders; and the latter were notified that the invoice was being dated as of September 1. On July 1, 1920, the defendants wrote the plaintiff that they were " unable to take in the goods at present, and not until you hear from us." They further wrote, under date of July 3, 1920 ". . . we regret very much that we cannot give you

a definite date for delivery of the goods and with no prospects to pay for same. Cancellations and returns, with lack of business are the causes for the above reply." These goods have since remained in the plaintiff's possession, awaiting shipping instructions. They never were examined by the defendants; and there was ample evidence that all the goods were in accordance with the contract.

The only item as to which there can be any serious question is that relating to the seventy-two pieces, prematurely shipped June 23, 1920. The defendants claim that they are not liable therefor because the plaintiff did not forward them again on September 1. As this was a New York contract, it is doubtful if this defence is open in view of the evidence introduced, that under the law of that State when a refusal to accept goods is based upon certain specified objections all others are deemed waived. *Littlejohn* v. *Shaw*, 159 N. Y. 188. *Hess* v. *Kaufherr*, 128 App. Div. (N. Y.) 526. But further, it is apparent from the modifications with which the trial judge accepted the defendants' requests 13, 14 and 30, and from his general finding for the plaintiff, that he found " the defendant gave plaintiff to understand he would not accept or pay for the goods if shipped September 1," and that " there was a plain renunciation on defendants' part of all intention to perform the contract." We cannot say that these findings, express and inferential, were without warrant in the evidence. *Bearse* v. *McLean*, 199 Mass. 242. Apparently no question of pleading was raised at the trial. The declaration was on an account annexed, which by legal intendment includes a count for goods bargained and sold, or goods sold and delivered. G. L. c. 231, § 7. *Massachusetts Mutual Life Ins. Co.* v. *Green*, 185 Mass. 306, 309, 310. The goods were set apart as the property of the defendants; and the evidence warranted a finding that the sale was completed, and the title passed. *Mitchell* v. *LeClair*, 165 Mass. 308.

The exceptions taken to the admission of evidence relate mainly to letters and telegrams sent after September 1, 1920. While some of these seem to relate to other transactions, we find nothing in them likely to have any prejudicial effect.

It may be added that no issue of anticipatory breach was raised or determined. And as the judge refused to find and rule that the plaintiff had committed any breach of its contract, no discussion is necessary as to the New York law applicable to entire contracts. An examination of the entire record discloses no reversible error.

*Exceptions overruled.*