No. 2881 Northern Middlesex, ss.
TOBIN · (Kennedy & McLaren)
v. HAGERTY, alias
 (George E. Paul, William H Sullivan, J. E. McDonald)
From the Second District Court of Eastern Middlesex—
 Crafts, J.

Argued April 28, 1941—Opinion Filed July 8, 1941

SULLIVAN, J. (Jones, P.J., & Wilson, J.)—This is an action of contract for services rendered. The defendant died, testate, March 3, 1938, after the entry of the case. Her will was proved and one Mary A. Downey, who was appointed ex-ecutrix, filed a bond which was approved April 26, 1938. George E. B. Paul was attorney for the petitioner, Downey, in the probate proceedings.

November 23, 1938, the plaintiff filed in the district court a motion to compel Mary A. Downey, as executrix, to come into court and defend this action, the motion was supported by an affidavit, signed by the plaintiff, setting out the death of

the defendant and the appointment of the executrix. On the back of this pleading, before it was filed, George E. B. Paul wrote in ink as follows: "May be allowed. George E. B. Paul, Attorney for Mary A. Downey, Executrix."

January 9, 1939, William H. Sullivan, on stationery with the heading "William H. Sullivan, Counsellor at Law, 10 Tremont Street Boston, Mass." wrote the clerk of the district court as follows:

"Dear Mr. Mansfield:

Will you kindly enter my appearance for the defendant in the case of Charlotte Tobin vs. Annie Hagerty. The number of the case I believe is 4989 of 1937.

Yours very truly,

(Signed) William·H. Sullivan"

December 6, 1940, Mary A. Downey filed a "plea" in abatement, setting forth the death of Annie Hagerty; the appointment of Mary A. Downey as executrix, April 26, 1938; the plaintiff's motion filed November 23, 1938, already described; the fact that no citation or order of notice had issued to the executrix to come in and defend; and that the short statute of limitations had become a bar to the further prosecution of the action.

There was a hearing on the plea in abatement and the trial judge sustained it.

The so called "plea" in abatement was in effect an "answer" in abatement. G. L. (Ter. Ed.) c. 231, s. 20. It sets up facts not appearing on the face of the record. *Paraboschi* v. *Shaw*, 258 Mass. 531. *Tyler* v. *Boot & Shoe Workers Union*, 285 Mass. 54.

The effect of sustaining such an answer in abatement is to end the proceedings immediately; the case becomes at once "ripe for judgment". G. L. (Ter. Ed.) c. 231, sec. 108. The result is similar to that reached when, by order of the court, an entry of a non-suit is made, which constitutes a final disposition of the case. *Gill* v. *Stretton*, 298 Mass. 342. It is not an interlocutory matter as nothing is left open to further dispute. *Hammond* v. *Boston Terminal Co.*, 295 Mass. 566 at 567, 568. *B. M. C. Durfee Trust Co.* v. *Turner*, 299 Mass. 276, at 279.

The case is properly before the Appellate Division. *Summers* v. *Boston Safe Deposit & Trust Co.*, 301 Mass. 167. But even if the case is properly here, the appellant cannot prevail. An answer in abatement raises only questions of fact. *Wright* v. *Graustein*, 229 Mass. 67 at 70. *Second National Bank* v. *Leary*, 284 Mass. 321. "Commonly a plea in abatement sets forth new facts not apparent on the record and an order thereon imports a trial of those facts upon evidence, and resulting questions of law must be taken to this court by exceptions or report and not by appeal *Summers* v. *Boston Safe Deposit & Trust Co.*, 301 Mass. 167.

[ 89 ]

In the present case, the plaintiff filed no requests for rulings of law. Nothing in the report shows that any issue of law was raised at the hearing, or was passed upon by the trial judge at any time.

"And after a trial on the facts, which the order imports was had, a question of the sufficiency of the pleadings, not shown by the record to have been specifically raised or passed upon, is not open for the purpose of reversing the decision of the trial judge." *Gallo* v. *Foley,* 299 Mass. 1 at 6.

A question of law, though disclosed by the pleadings, must be raised by a written request for ruling. *Kennedy* v. *Currier,* 293 Mass. 435.

The Appellate Division has jurisdiction only of those cases in which a party has been aggrieved by a "ruling on a matter of law." G. L. (Ter. Ed.) c. 231, section 108. "The sufficiency of the pleadings was not 'a matter of law apparent on the record." Gallo v. Foley supra at 6. *Styrnbrough* v. *Cambridge Savings Bank,* 299 Mass. 22. *Yoffa* v. *Shaw,* 299 Mass. 516.

The case stands on the same footing as the one where a motion for a new trial is made. Under those circumstances, the decision being ordinarily a matter of sound judicial discretion, no question of law is raised unless the moving party files requests for rulings of law (on issues not previously raised), to be passed upon by the trial judge. "It is familiar law that, when no ruling of law is requested or made touching a motion for a new trial, its disposition rests in sound judicial discretion." *Skudris* v. *Williams,* 287 Mass. 568, at 570. "Findings of fact made at a hearing upon a motion for a new trial are final, but rulings of law are open to revision by this court". *Bruns* v. *Jordan Marsh Co.,* Mass. Adv. Sh. (1940) 521. 24 BTL 271. 24 BTL 271.

"The general finding against the plaintiff and in favor of the defendant included the finding of all subsidiary facts essential to that conclusion." *Brotkin* v. *Feinberg,* 265 Mass. 295.

No prejudicial error appearing, the report is to be dismissed.