MARTHA INC., OF NEW YORK *vs.* MILDRED REMIS.

Suffolk. April 9, 1953. — July 2, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Sale,* Contract of sale. *Contract,* Performance and breach. *Pleading, Civil,* Declaration, Answer.

A declaration on an account annexed, containing several items each describing a dress and stating a date and a sum of money, by legal intendment stated the allegations of a count for goods sold and delivered.

Under an answer of general denial in an action for goods sold and delivered, which the defendant admittedly ordered, the defendant was entitled to show agreed specifications of the goods as ordered and that the goods as delivered did not conform to such specifications.

In an action against a woman for dresses sold and delivered to her, it was error to direct a verdict for the plaintiff where, although it was

admitted by the defendant that she ordered such dresses at the prices claimed by the plaintiff and that they were delivered to her, there was evidence that at the time of the order she stipulated and the plaintiff promised that the dresses as made from models according to her measurements "would fit her perfectly" without fittings or alterations, and that the dresses as delivered to her did not fit her.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 8, 1952.

Upon removal to the Superior Court, the action was tried before *O'Brien*, J., who ordered a verdict for the plaintiff. The defendant alleged exceptions.

*Stanley S. Lewenberg,* (*Chester Shatz* with him,) for the defendant.

*Richard I. Gottlieb,* for the plaintiff, submitted a brief.

WILLIAMS, J. In this action of contract the plaintiff declared on the following account annexed:

"Items
1. October 17, 1951, gray wool coat dress          $265.00
2. October 23, 1951, navy taffeta cocktail dress    395.00
3. October 23, 1951, navy french wool dress         155.00

4. Total                                           $815.00"

The defendant's answer was general denial and payment. According to a pre-trial order it was "agreed that the defendant ordered three dresses referred to in the declaration for an agreed price of $815 from the plaintiff which dresses were delivered to the defendant and within a short time after were returned to the plaintiff who in turn returned them to the defendant." At the trial the plaintiff's counsel read the declaration, answer, and pre-trial order, and rested. The defendant then offered evidence substantially as follows. She visited the plaintiff's shop in New York city on or about October 4, 1951, and was shown "some model dresses" by Mrs. Miller and Martha Levine, the plaintiff's saleswomen. She liked one of them, a blue taffeta cocktail dress, "very much." She was told by the saleswomen "that from the measurements they would take of her, an

exact copy of the blue taffeta dress could be made which would fit her perfectly when finished and would not require any further fittings or alterations." She returned the next day and stated that she would order the dress to be made for her at the price of $395 if after measurements "she were promised that the dress would fit her perfectly when finished without requiring any further fittings or alterations and would be an exact copy of the model dress shown to her." Mrs. Miller and Martha Levine agreed that this would be done. She then agreed to have the dress made for her and also a blue wool dress for $155 and a gray wool dress for $265, both of these dresses being ordered from models shown to her. The two saleswomen made the same agreement respecting the wool dresses as was made in reference to the blue taffeta dress. When the dresses were received at her home in Swampscott they did not fit her properly and she returned them to the plaintiff, informing it that the dresses did not fit her. The plaintiff refused to accept the dresses back and returned them to her. She has since held them for the plaintiff. The judge directed the jury to return a verdict for the plaintiff and the defendant's exception to this order brings the case here.

By declaring on an account annexed the plaintiff has by legal intendment stated all the allegations contained in all the common counts. *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306, 310. The declaration therefore includes a count for goods sold and delivered which apparently is the count on which the plaintiff relies. See *Samuel Eiseman & Co. Inc.* v. *Rice,* 248 Mass. 272, 274.

The only evidence presented by the plaintiff was the admission of the defendant at the pre-trial hearing that she ordered three dresses from the plaintiff at a price of $815, which dresses were delivered to her. The evidence of the defendant, which seems to have been admitted without objection, tended to show that the delivered dresses did not conform to the specifications of the dresses which she had ordered and the plaintiff had agreed to manufacture for her. Under her general denial she was entitled to show the terms

of the order on which the plaintiff's claim was based and that the delivery of the dresses in question was not in compliance therewith. *Rodman* v. *Guilford,* 112 Mass. 405. *Phipps* v. *Mahon,* 141 Mass. 471, 473. *McDonald* v. *Sargent,* 171 Mass. 492, 494. *West End Manuf. Co.* v. *P. R. Warren Co.* 198 Mass. 320, 324. *Wylie* v. *Marinofsky,* 201 Mass. 583, 584. *Fisher* v. *Doe,* 204 Mass. 34, 37. It was for the jury to determine what had been agreed by the parties and whether the plaintiff had performed its part of such agreement fully or so substantially that it was entitled to recover the whole or a part of the contract price. See *Egan* v. *Massachusetts Bonding & Ins. Co.* 266 Mass. 270; *Biggs* v. *Densmore,* 323 Mass. 106, 108, and cases cited. There was error in the direction of a verdict for the plaintiff.

*Exceptions sustained.*