# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

JOHN L. RUBERTO *vs.* ADLOR THEBODO.

Berkshire. September 25, 1958. — October 29, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Practice, Civil.* Rehearing. *Trustee Process.*

In an action commenced by trustee process in which the trustee, an attorney, answered that he held a certain gross amount "belonging to the defendant" received in settlement of a claim by the defendant against a corporation because of an accident and that the defendant had signed an "agreement" to "pay the plaintiff proportionally with the other creditors, whose services were connected with this accident," out of the proceeds of the settlement, and there was an order charging the trustee with only a portion of the gross amount he held, but the record failed to show the complete terms of the agreement and the parties thereto, this court ordered a new hearing.

CONTRACT. Writ in the District Court of Central Berkshire dated October 31, 1957.

The case was heard by *Alberti*, J.

*Andrew T. Campoli*, for the plaintiff.

No argument nor brief for the defendant.

WILKINS, C.J. In this action of contract for money lent, there has been a judgment for the plaintiff, and the question is as to the amount in which the trustee should be charged. The trustee, an attorney, settled a tort claim for the defendant. The report of the District Court judge states that from

the proceeds of the settlement the attorney "was entrusted" by the defendant with $200 "for the purpose of paying and conditioned upon the payment" of the latter's medical and hospital expenses. These totaled $146.56. The judge charged the trustee in the sum of $53.44, the amount admitted in his answer. The Appellate Division dismissed the report, and the plaintiff appealed.

In response to interrogatories filed pursuant to G. L. (Ter. Ed.) c. 246, § 12,[1] the trustee answered that the gross amount of money held by him and "belonging to the defendant" is $200; that the money was received in settlement of a claim against Busy Bee, Inc., because of an accident on its premises; and that the trustee maintained that certain specified amounts were due to a hospital and three doctors whom he named. The trustee also answered: "The agreement signed by the defendant . . . was not to pay the plaintiff to the exclusion of all other creditors out of the first proceeds received in settlement, but to pay the plaintiff proportionally with the other creditors, whose services were connected with this accident, out of the first proceeds received in settlement." Nothing further appears as to the nature of the agreement or the parties thereto.

The Appellate Division in its opinion stated: "The court found this to mean that the sum of two hundred dollars . . . was the first instalment paid by the Busy Bee Lunch, Inc., on account of the accident and that other payments are to follow. The court was further warranted in finding that the agreement signed by the defendant was with the Busy Bee, Inc., and that it would be in violation of that agreement not to abide by its terms. The agreement set up a trust for the benefit of the creditors mentioned therein. . . . Whether the finding was subject to the contingencies described resolved it all into a question of fact for the trial judge to be determined by the interrogatories and answers submitted and the reasonable inference drawn therefrom."

"The answer and statements of a trustee, on oath, shall

---

[1] "The plaintiff may from time to time examine the alleged trustee upon written interrogatories filed in the clerk's office."

Ruberto *v.* Thebodo.

be considered as true in determining how far he is chargeable; but either party may allege and prove any facts material in determining such question and not stated or denied by the trustee." G. L. (Ter. Ed.) c. 246, § 16. The answers here establish as a fact for the purposes of this case that the defendant signed an agreement with respect to the proceeds of the settlement with Busy Bee, Inc. The record, even when supplemented by the original papers in the District Court which we were informed at the argument were before the Appellate Division, is extremely meager. The answers of the trustee are inconclusive. They do not make clear that the agreement was with Busy Bee, Inc., and related to a payment by Busy Bee, Inc., to the defendant or the defendant's attorney in trust for the creditors, as suggested in the opinion of the Appellate Division. The District Court judge did not reach that conclusion. He stated that the $200 "was entrusted" by the defendant to his attorney. We are not sure whether he meant that the agreement signed by the defendant was with his attorney.

This case does not involve a large sum of money, but this is no reason why we should attempt to decide the case on guesswork.

The order dismissing the report is reversed. The order charging the trustee is reversed. In the District Court the new hearing should take place preferably after answers to additional interrogatories to the trustee show the complete terms of the agreement the defendant signed and the parties thereto.

*So ordered.*