ROBERT T. LANTZ *vs.* RUSSELL E. CHANDLER & another.

Plymouth.  December 7, 1959. — February 5, 1960.

Present: WILKINS, C.J.; SPALDING, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Contract*, Building contract, Implied contract, Performance and breach.

In an action by a builder on quantum meruit based on substantial per-
formance of a building contract, a ruling requested by the defendant
that the plaintiff must prove that deviations by him from the terms
of the contract were "immaterial" was properly refused since devi-
ations more than de minimis would not preclude recovery if they were
not intentional and not substantial; and a ruling requested by the
defendant that the plaintiff could not recover if he had "abandoned
the job before completion according to the specifications and contract"
was properly refused since it would bar recovery for any failure in
performance however trivial.

CONTRACT.  Writ in the Third District Court of Plym-
outh dated December 26, 1957.

The action was heard by *Welch, J.*

*Alton F. Lyon,* for the defendants.

No argument nor brief for the plaintiff.

SPALDING, J.  The declaration in this action of contract
contains three counts but we are concerned only with the
first, which is on an account annexed.  Recovery was sought
on quantum meruit for substantial performance of a build-
ing contract.[1]  The judge found for the plaintiff in the sum
of $1,885.  A report to the Appellate Division was dismissed
and the defendants appealed.

---

[1] The defendants argue that the plaintiff declared on the contract and is
precluded from recovering on quantum meruit.  But this point was not raised
at the trial and is not open here.  Moreover, there is nothing in the point in
any event.  "By declaring on an account annexed the plaintiff has by legal
intendment stated all the allegations contained in all the common counts."
*Martha, Inc. of New York* v. *Remis,* 330 Mass. 357, 359.  G. L. c. 231, § 7,
cl. 9.  This, of course, would include a claim on quantum meruit, and it is
apparent that the case was tried on that theory.  See *Kagan* v. *Levenson,*
334 Mass. 100, 106.

At the trial there was evidence tending to establish the following: The plaintiff, a builder, entered into a written contract with the defendants to build a house. The plaintiff commenced to build the house in July, 1957, and continued to work on it until late in November, 1957, at which time he had received $4,627.50 in payment from the defendants. At the time the plaintiff stopped work, four items of work and materials called for by the contract had not been completed or furnished. In addition, there were thirteen deviations from the contract specifications on work that had been completed. These could be corrected only by "expending very substantial sums of money."

The only questions presented arise from the denial of the defendants' fourth, fifth and sixth requests for rulings.

The fourth request reads: "In order for the building contractor to recover for substantial performance he must prove that the deviations were immaterial or justified or excused." This request was apparently based in part on a statement in *Hub Constr. Co.* v. *Dudley Wood Works Co.* 274 Mass. 493, 496, that "In the absence of evidence that the plaintiff did not intend to deviate from the strict requirements of the contract, proof was required that the deviations were immaterial — that is, so slight as to fall within the rule de minimis . . . — or were justified or excused." It will be noted that "immaterial" is equated with "de minimis." And deviations of that sort, as the quoted language states, will not bar recovery even in cases of wilful failure to perform. To the same effect are *Lynch* v. *Culhane*, 237 Mass. 172, 175, and *Russo* v. *Charles I. Hosmer, Inc.* 312 Mass. 231, 233. Here, there was an express finding that "there was no intentional deviation from the terms of the contract." In such a case there may be recovery provided the deviations are not substantial, even though they are more than de minimis. *Bowen* v. *Kimbell*, 203 Mass. 364, 370. *Loftus* v. *Lauf*, 329 Mass. 374, 377. The request did not correctly state the law and was rightly refused.

There was no error in the denial of the fifth request, which reads: "In the absence of special exculpating circumstances,

an intentional departure from the precise requirements of the contract is not consistent with good faith in the endeavor fully to perform it, and unless such departure is so trifling as to fall within the rule de minimis it bars all recovery." Since, as stated above, the judge found that there was no "intentional deviation" the request was immaterial.

The sixth request asked the judge to find for the defendant if he found that the plaintiff had "abandoned the job before completion according to the specifications and contract." This request was rightly refused, for it was couched in language broad enough to bar recovery for any failure to complete, however trivial, and, as pointed out above, that is not the law.

*Order dismissing report affirmed.*