*Western District*

## ATLAS DISTRIBUTING CORP., et al

v.

## JOHN F. CRYSTOFF, d. b. a.
## Red Barn Cocktail Lounge

Argued: May, 1926—Decided, June, 1962

*Present*: Riley, P. J., Hobson & Garvey, JJ.

Cacse tried to *DiVitto, J.* in the First District Court of Eastern Worcester. No. 5859.

*Garvey, J.* This is an action by five plaintiffs engaged in the wholesale sale of alcoholic beverages in greater Worcester. They allege that the defendant, a licensee doing business as the Red Barn Cocktail Lounge, in Westboro, owe them for liquor sold and delivered between April and September, 1959. The trial judge found for the plaintiffs and reported the case at the request of the defendant who claims to be aggrieved (1) by the denial of certain of his requests for rulings of law, and (2) by the ruling by the court at the trial sustaining an objection to a question put to the defendant on direct examination.

There has been no attempt here to comply with statutes and rules of court governing appellate procedure. No reference is made in the report to the evidence presented at the trial. Missing is a statement that it "contains all the evidence material to the question (s) reported" as required by Rule 28 of the Rules of the District Courts and the Draft Report Model. This, by itself, would be sufficient cause for dismissal. *Cincevich v. Patronski,* 304 Mass. 679.

One of the claims of error briefed and argued by the defendant is illegality—that credit was extended by the plaintiffs for a period in excess of 90 days in violation of G. L. c. 138, §25, and that the sales were made in violation of G. L. c 138, §18 to one Harp, to whom the defendant had leased the business, and who was not a licensee. But we cannot determine if illegality was pleaded as the report makes no reference to the defendant's answer. On this issue we should also know the dates of the sales and the dates on which payments, if any, were made. There is only a single reference to damages in the report. It is contained in the trial judge's findings: "I find for the plaintiffs in the sum of $2835.99." There is no indication of the specific amount of damages found for each of the plaintiffs. Other than Atlas, the names of the four other plaintiffs are not given.

It also fails to disclose whether the claim of report on the ruling of the trial judge on the evidentiary question was perfected by

being "reduced to writing in a summary manner and filed with the clerk—within five days, after the making of such ruling." G. L. c. 231, §108* Rule 27. The typing is single spaced. Rule 31 requires that it be double spaced.

As this division recently stated in *Allston Supply Co., Inc. v. Interstate Plumbing & Heating Supply Corp.,* 14 LEGALITE 226 (June, 1962) "All rules of court, duly made, have the force of law, and are binding upon the court and the parties, and cannot be waived or ignored. Such rules are to be respected and enforced. *Flynn Pet.,* 265 Mass. 310, 313. Provisions of statutes and rules of court regulating appellate procedure are construed strictly. *Framighetti v. Neviackas,* 324 Mass. 70, 72 and failure to comply is fatal to the right to prosecute an appeal. *Murphy v. William C. Barry, Inc.,* 295 Mass. 94, 97."

After argument we were advised by counsel —the report makes no reference to it—that this case was transferred for trial to the District Court by order of a justice of the Superior Court sitting at Worcester, under G. L. c. 231, §102c. Such a fact should be reported because the procedural steps in remand cases, so called, after decision in the Appellate Division, differ from decisions in a regular district court case. *Lubbell v. First*

---

* St. 1962, c. 287 amends this provision by providing that the five days commences to run "from the close of all the evidence."

*National Stores, Inc.,* 342 Mass. 161, 165.

Lacking here are "facts essential to a full understanding of the questions presented". Rule 28. As was said in *Ruberto v. Thebedo,* 338 Mass. 1, 3 there "is no reason why we should attempt to decide the case on guess-work."

The report, because of these inadequacies, should have been dismissed by the trial judge. We order it dismissed.

Conlon & Wolfson, of Worcester, Attys. for the Plaintiff.

Charles W. Proctor, of Worcester, Atty. for the Defendant.