*Western District*

**WILLIAM NAMATH**

v.

**GEORGE ARRAJ**

*Present*: Garvey, P. J. & Moore, J.

Case tried to *Allen, J.* in the Central District Court of Worcester. No. 111343.

Argued: March 21, 1963—Decided: April 29, 1963

*Garvey, J.* This action of tort, after a finding for the plaintiff, was reported at the request of the defendant, who claims to be aggrieved by the denial of one of his requests for a ruling of law. The report states "this report contains all the *facts* material to the findings", which we assume was an attempt to comply with the rule requiring a statement that "this report contains all the *evidence* material to the question reported".

The special findings of the trial judge read: "Plaintiff does a retail clothing business in a store rented from one Vrusho. The store occupies the first floor, and the plaintiff uses the cellar for storage. Vrusho contracted with the defendant to install new plumbing in the toilet which was on the main floor of the premises occupied by the plaintiff. The defendant finished installing the plumbing Friday. Sunday afternoon the plaintiff went into the store and found a valve recently installed by the defendant to be leaking and water several inches deep all over the cellar floor causing the damage to goods stored there. The defendant

was notified, and he repacked the valve and the leak stopped. I find the damage was due to the negligence of the defendant in the installation of the valve. I find for the plaintiff and assess damages in the sum of eight hundred dollars ($800.00)."

Was the trial judge correct in denying defendant's request numbered 3:

> "If a landlord gratuitously hires a person to make repairs that person's duty to the landlord's tenant is to refrain from making the repairs in a grossly negligent manner since the landlord's duty to the tenant in a like situation is to refrain from making the repairs in a grossly negligent manner",

is the sole issue presented for our consideration. [1]

The reported evidence is silent as to the arrangement, if any, between the landlord and tenant in reference to the obligation of either party as to repairs and maintenance of the demised premises. We must take the report in the form it comes to us. *Weiner v. Pictorial Paper Packing Corp.,* 303 Mass. 123, 129, and as said by Wilkins, C. J. in *Ruberto v. Thebodo,* 338 Mass. 1, 3, there "is no reason why we should attempt to decide the case on guess work".

■■ There was no error. It is settled that a landlord who undertakes, without an obligation to do so, the making of repairs on premises under the control of a tenant is liable only if grossly negligent, not present

---

[1] The defendant does not contend the trial judge was not justified in finding negligence.

here, in the making of such repairs. *McDermott v. Merchants Cooperative Bank*, 320 Mass. 425, 427.

■ From this premise the defendant contends he stands in the shoes of the landlord in respect to the duty owed the plaintiff. We don't agree. He owed an obligation to the landlord to refrain from committing any act of negligence in fixing the leaky toilet.

■ It was not a gratuitous undertaking on his part and it was to be expected that the work he did would not cause the cellar to be flooded. In the absence of a controlling decision it seems to us more logical to hold that it is the tenant, not the repairman, who stands in the shoes of the landlord. And though it might be said the plaintiff was not in the same relationship to the defendant as was the landlord, he was "within the orbit of risk created by the defendant's negligence".

On this subject, Prosser on Torts, 2nd Edition, §85, says: "The present state of the law is not altogether clear because of the survival of so many of these exceptions, which afford an opportunity to hold the defendant liable without stating any general rule. It appears, however, that the analogy of *MacPherson v. Buick Motor Co.* is at last being accepted. Several recent decisions have placed building contractors on the same footing as sellers of goods, and have held them to the general standard of reasonable care for the protection of anyone who may foreseeably be endangered by the negligence, even after

acceptance of the work". In accord, *Hanna v. Fletcher,* 231 F2d 469. It was foreseeable by the defendant that any negligence on his part might cause damage to the stock of the plaintiff. Compare *Banaghan v. Dewey,* 340 Mass. 73; *Boronskis v. The Texas Co.,* 1962 AS 941; *Donahue v. Stephens,* 342 Mass. 89.

The defendant pleaded that his work had been completed and accepted by the landlord, thereby relieving him of any liability. He argues this issue in his brief but the reported evidence is silent on this point and it is not raised by an appropriate request. *The report is to be dismissed.*

Barsky & Glickman, of Worcester, for the Plaintiff.

Yafjian, Hart & Zarrow, of Worcester, for the Defendant.