WAINO KAURANEN *vs.* STEPHEN J. MATTALIANO.

Norfolk. May 6, 1964. — June 4, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Contract,* Building contract, Implied contract, Performance and breach.

A building contractor might properly be found entitled to recover from a landowner in quantum meruit for work done in building houses on the land where there was evidence that the contractor substantially performed the parties' building contract in good faith and that of the items of deviation therefrom by him some were agreed to by the owner, some were unintentional defects in workmanship, and the rest, although intentional, were excusable except for one of a trivial nature.

CONTRACT. Writ in the District Court of East Norfolk dated July 13, 1960.

Upon removal to the Superior Court the action was heard by an auditor and afterwards tried before *Forte,* J.

*Frank D. Branca* for the defendant.

*Robert D. O'Leary* for the plaintiff.

WHITTEMORE, J. In this action in quantum meruit brought by a builder for the fair value of the work done on two houses not completed under a building contract, the defendant excepted to the failure of the trial judge to direct a verdict and to enter a verdict for the defendant under leave reserved. The verdict for the plaintiff was in the amount of $4,521.

The issue argued is whether there was intentional and unexcused failure of the plaintiff to perform in significant respects so that recovery in quantum meruit is barred. The evidence plainly warranted a finding of substantial performance of the contract.

The auditor, whose report was read to the jury, found that there was wilful and intentional failure to perform certain obligations of the contract and he concluded that the plaintiff did not intend in good faith to complete his contract. At the trial in the Superior Court, however, there was evidence from which the jury could have found "special exculpating circumstances" (*Andre* v. *Maguire,* 305 Mass. 515, 516) at least as to some of the defaulted items and the judge ruled that there was evidence warranting the jury in finding justifiable explanation for the plaintiff's intentional omissions (*Loftus* v. *Lauf,* 329 Mass. 374, 376–377) and good faith on his part. The judge also suggested that in a total contract price of about $28,000, the defaults, even if intentional, were de minimis.

The auditor found that the contract called for payments to the plaintiff as money was released by a bank to the defendant under a construction loan. Performance began on August 13, 1959, the last payment was made by the defendant on March 12, 1960, and the plaintiff stopped work after installing the blinds on March 17, 1960. The jury could have found that the total of payments made was $23,000, that the contract price was $27,951, and that the defendant received some advances from the bank under his construction loan from which he did not make required payments to the plaintiff. Although the defendant based his withholding of payments on complaints about details of the work, the plaintiff offered to correct any "details which were not right" and the defendant did not thereafter specify what was wrong with the work despite the plaintiff's repeated requests for payments. On this evidence the jury were not required to find that the defendant's failure to make payments was proper.

The jury could have found that certain of the plaintiff's unperformed work was to be done only after the final grade

was established by the defendant and that the latter did not establish the final grade until August, 1960. These obligations included the application of stucco to the exposed foundations, the construction of steps at the front of the houses, and sidewalks to the street. Hence the jury could have found that these departures were excused and that, since they occurred some months after the defendant first refused to make payments, they were consistent with good faith. As to the failure of the plaintiff to waterproof the foundations, the jury could have found that the defendant had so dumped fill as to make waterproofing impossible and that this excused nonperformance.

The plaintiff admittedly did not install the cellar floors or construct roofs over front and side doors but the jury could have found that the parties had agreed that he should not do so.

The plaintiff testified that he intentionally "did not install a permanent foundation to eight stairs on the side of each house. . . . [H]e put in back steps that were ripped out by an employee of the defendant." The jury were not required to conclude that this was the omission of a required item. The defendant in his testimony did not mention it. The auditor's report read to the jury by the plaintiff included the finding that in place of the side porch specified in the plan the grade at the side of each house "necessitated the substitution of a porch level with the door supported by [a] wooden column from the ground below with a board walk or extension of the porch running toward the front of the house." The auditor found in substance that the defendant who was at the site almost daily acquiesced in the change. The plaintiff was entitled to the benefit of this evidence. *Brown* v. *Metropolitan Transit Authy.* 345 Mass. 636, 638–639. The jury could have concluded that this contract modification was related to and was the reason for the intentional omission of the foundations.

The plaintiff's failure to seal the water pipe entrances because he thought that the town's water department should do the work was intentional and without good excuse. The estimated cost of this was $30.

The defendant contends that the plaintiff did not controvert all of the auditor's findings. The auditor listed items totaling $1,060. The jury could have found that certain of these were unintentional defects in workmanship rather than intentional omissions. Such items totalled $240. The items that the jury could have found were omitted by agreement totalled $450. The items that could have been found excused (walks, steps, and stucco work) were listed by the auditor at $340. This leaves the $30 failure to seal the water pipes. This could be found a trivial failure and hence it is not a bar to recovery in quantum meruit. See *Lantz* v. *Chandler*, 340 Mass. 348, 349. In *Glazer* v. *Schwartz*, 276 Mass. 54, it was ruled that a $700 deficiency in a $14,700 contract could not be overlooked as trivial. That holding, even if it were to be closely followed, would not, on its figures, control this case.[1] But in determining what is trivial (as well as what is justified) intentional nonperformance there is an area within which the question is one of fact.

*Exceptions overruled.*

---

[1] In *Ficara* v. *Belleau*, 331 Mass. 80, 82, this court declined to follow one aspect of the *Glazer* case and ruled that where the builder was sued for his breach of contract he was to be credited with the value of the benefit conferred notwithstanding an intentional, not trivial, deviation. The opinion recognized, in the words of Professor Williston, that the rule of the *Glazer* case is a harsh application of a severe doctrine. Williston, Contracts (Rev. ed.) § 842, note 4.