S. ONORATO CORPORATION vs. LAWRENCE LEVIN.
(and a companion case[1]).

Norfolk.  February 4, 1965. — April 2, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ

*Contract*, Building contract, Implied contract, Modification.

Where it appeared that at the time specified in a building contract for completion of the work the contractor had done only about half of it although he had not been delayed by any circumstances beyond his control, and that the owner thereupon ordered him off the job and had the work completed by another, the contractor was barred by want of substantial performance from recovering from the owner on quantum meruit either for work done under the contract as originally written or for "extra work" done pursuant to modifications of the contract rather than collateral agreements.

TWO ACTIONS OF CONTRACT.  Writs in the Superior Court dated October 5, 1955, and March 27, 1956, respectively.

The action was heard by *Fairhurst*, J., on an auditor's reports.

*Morris Michelson* for S. Onorato Corporation.

*Irving Karg* for Lawrence Levin.

SPIEGEL, J.  On June 4, 1952, S. Onorato Corporation (Onorato) and Levin entered into a written agreement whereby Onorato undertook to build a ranch house for Levin according to certain plans and specifications, for the sum of $41,900.  The contract provided that, apart from due allowance to be made for circumstances or conditions beyond the control of Onorato, the building and grounds should be completed in every respect and ready for occupancy on or before December 15, 1952.  Work was begun shortly after the agreement was executed.  Onorato was in "financial difficulties" in October and November, 1952, and in December transferred its business to a trustee for the benefit of creditors.  During December, 1952, through Jan-

---

[1] Lawrence Levin vs. S. Onorato Corporation.

uary 7, 1953, "very little work was performed" toward the completion of the house. Shortly after December 15, Onorato had completed only about fifty per cent of the construction under the contract. At the end of December, 1952, Levin ordered Onorato to stop work, and, on January 7, 1953, ordered it to get off the premises. There were no circumstances beyond Onorato's control which delayed construction. Levin thereupon arranged with one Rosenfeld for completion of the house at a cost of $21,500.

Onorato brought an action to recover for breach of the contract, claiming $20,000, with interest, as the balance due under the contract (count 2 of the amended declaration). In a separate count (4), Onorato claimed $6,000, with interest, "for work done and materials provided." Levin in turn brought an action against Onorato to recover damages for breach of the contract. The trial judge ordered the cases to be tried together, and referred them to an auditor whose findings of fact were to be final. The auditor, in addition to finding the subsidiary facts already stated, concluded in his final report on recommittal that Onorato performed work and provided materials "to the value of . . . $20,950," and "performed extra work . . . totaling $1,725, thus making a total of $22,675"; that Levin paid $18,800 to Onorato for labor and materials; and that an additional $550 was credited to Levin leaving a balance of $3,325, plus interest, due from Levin to Onorato under count 4 of its amended declaration. Separate recovery under count 2 of the amended declaration was not granted. The auditor denied recovery in the action by Levin against Onorato, finding "no damage" to Levin.

Upon motions by Onorato for judgments on counts 2 and 4, the trial judge ordered that judgments be entered for Levin on each of these counts. Upon Onorato's motion for judgment on the auditor's report in the action by Levin, the judge ordered that judgment be entered for Levin in the sum of $1 as "nominal damages." Onorato appealed from these orders for judgment, and the appeals have been consolidated.

Onorato in its brief does not refer to the orders for judgment regarding count 2 for $20,000 in its action against Levin, and regarding Levin's action against Onorato. The appeals from these orders are therefore deemed waived. Rule 13 of the Rules for the Regulation of Practice before the Full Court, 345 Mass. 787.

It is evident from the auditor's findings that count 4 and the accompanying bill of particulars, which refers to a claim of $3,325, comprise claims of $1,725 for "extra work" and of $1,600 for work and materials provided under the contract. We think that Onorato cannot recover the $1,600 claim upon quantum meruit on the theory of *Hayward* v. *Leonard*, 7 Pick. 181, since the substantial performance required by that theory could not here be found "where so large a proportion of the work remained unperformed." *Nevins* v. *Ward*, 320 Mass. 70, 74, and cases therein cited. *Ricciardone* v. *Carvelli*, 334 Mass. 228, 230. See *Kauranen* v. *Mattaliano*, 347 Mass. 583, 586. The "extra work" on which the claim for $1,725 is founded appears to be based on several modifications of the contract itself rather than on collateral agreements. The claim for "extra work" thus "became merged into the principal contract and . . . [is] not now to be dealt with separately." *Nevins* v. *Ward*, *supra*, at 75.

*Orders for judgments affirmed.*