*Western District*

No. 177340

**RICHARD PAQUETTE**

v.

**BURT ROBINSON, d/b/a A. D. I. USED CAR LOT**

Argued: July 6, 1967    Decided: Nov. 22, 1967

*Present:* Garvey, P. J., Moore, and Allen, J. J.

Tried to: *Walsh*, *J.* in the District Court of Springfield. No. 177340.

*Allen, J.* This is an action of contract and tort in which the plaintiff seeks to recover for the loss of an automobile delivered for sale to the defendant. The judge found the defendant guilty of negligence and found for the plaintiff. The only issue is: Was there evidence to warrant a finding of the defendant's negligence?

*There was evidence that* the plaintiff delivered his soft top convertible car to the defendant's unfenced second hand car lot to be sold. The car was left in a well lighted area next to the sidewalk. The plaintiff testified he expected the defendant would secure the car thoroughly. There was testimony for the defendant: "Immediately prior to closing Mr. Bert Robinson and Mr. Dwayne Belke, em-

ployees of the defendant, checked the plaintiff's automobile by making certain that the doors were locked and the windows rolled up, as was their custom when closing the lot. Both men were familiar with the fact that a person could get into a convertible type car with a wire." The defendant closed his lot for the week-end Saturday, November 2, 1963 and that car was there. When the lot was opened the following Monday it was gone. It was found in a nearby town "the motor, transmission, and other components located under the hood of the automobile and the left rear wheel had been removed otherwise [it] was intact."

The judge made the following specific findings:

"The defendant had a used car lot on Memorial Avenue, in West Springfield, Massachusetts. The plaintiff was familiar with defendant's premises, which were unfenced, but expected that when the lot was unattended that his car would be secured thoroughly. The car was left in a prominent position toward the front of the lot and was occasionally taken out on demonstration. It was a soft top convertible and the defendant usually kept the keys in his custody.

"On or about November 3, 1963, between the time the defendant closed on Saturday night and when he opened again on Monday morning, the car was stolen.

The car was later found in another town and had been stripped of certain parts.

"A description of the car at the time showed that entry had not been gained by force.

"The defendant never returned or offered to return the car in any condition, damaged or repaired, to the plaintiff.

"I find that the loss of the car resulted from the negligence of the defendant."

The judge's findings are conclusive if there was evidence to support them. *Scire* v. *Scire,* 348 Mass. 768. *Piekos* v. *Bachand,* 337 Mass. 211.

The judge's findings and rulings indicate he found that the defendant did not use customary and proper care under the circumstances. *Butler* v. *Bowdoin Sq. Garage, Inc.,* 329 Mass. 28, 30. *Greenberg* v. *Shoppers' Garage, Inc.,* 329 Mass. 31. *Rogers* v. *Murch,* 253 Mass. 467. However, there was no reported testimony as to what was customary and proper care. There is an indication that he found the car was left unlocked but the evidence to support such a finding is not clearly set forth in the report. He could have also considered the length of time and conditions under which the car was left unattended. *Soutier* v. *Kaplow,* 330 Mass. 448, 451. *Sandler* v. *Commonwealth Station Co.,* 307 Mass. 470, 474.

The contents of the report leave much to

''guesswork'' upon which a case should not be decided. *Ruberto* v. *Thebodo,* 338 Mass. 1, 3.

Justice to the parties requires a new trial. **So ordered.**

ROBINSON, DONOVAN, CAMPBELL & MADDEN,
of Springfield for the plaintiff.
EFREM A. GORDON,
of Springfield for the defendant.