*Northern District*
No. 6627.

### JOHN NOCCO

#### v.

### WILLIAM T. DESMOND

Argued: Dec. 27, 1967   Decided: Jan. 1, 1968

*Present:* Connolly, J. (Presiding), Parker, Yesley, J. J.

Case tried to *Williams, J.* in the District Court of Lowell No. 3458 of 1966

*Yesley, J. This is an action of contract* in two counts against the defendant individually and as trustee of Desmac Realty Trust. Both counts allege an indebtedness due to the plaintiff of $500.00 for labor and materials supplied to him, according to a single account annexed to the declaration. The counts are expressed to be for the same cause and appear to be identical.

The defendants answered by way of general denial and payment and set up specially that the plaintiff "breached his contract by refusing to perform as agreed" and that the defendant did business with the plaintiff, as a trustee and not individually. The court found for the plaintiff "against the defendant. . .as trustee", and "for the defendant. . .individually". The defendant claimed an appeal based on the denial by the court of his requests for rulings numbered 1 and 2, which read as follows:

1. On all the evidence the plaintiff is not entitled to recover against the defendant.

2. On all the evidence and all the law, the plaintiff is not entitled to recover against the defendant.

The plaintiff testified that he was hired by

the defendant to paint houses owned by the Trust at a price of $500.00 per house on four lots and $400.00 per house on two lots, that the $500.00 job was to include two coats of paint inside and outside and the $400.00 job one outside and two inside coats, that he did not complete the work on two of the $500.00 jobs because he wasn't paid for the work already done, that payments for the work were made by check of the Trust, and that a balance of $500.00 was due him. The defendant testified that the agreed prices were $450.00 and $325.00 respectively, instead of $500.00 and $400.00, that the work was incomplete on all the houses except two, and that had the work been completed, a balance of $200.00 would be due. There was no testimony as to the fair value of the labor and materials furnished.

The defendant's contention is that there having been no evidence offered of the fair value of plaintiff's labor and materials, the plaintiff could not recover on his declaration, that there was a fatal variance between the cause declared on and the proof, which consisted of evidence of an oral contract which was not pleaded. The declaration and account annexed were not set forth in the report, but we assume that the account annexed did not claim money due under an express contract.

The trial justice made no special findings of fact, and the basis for the amount of his finding may not be gleaned from the contents of

the report. It is stated that in the account annexed to the declaration, the plaintiff's billings were shown as $2300.00 and the defendant's payments as $1800.00.

■ Pleadings, however, are not evidence. *Stoney* v. *Soar,* 322 Mass. 408, 412.

In its aspect most favorable to the plaintiff the evidence would warrant a finding that the plaintiff completed the work on two of the $500.00 jobs and on both of the $400.00 jobs, but did not complete two of the $500.00 jobs. It does not appear what remained to be done on these jobs, except for evidence that they were finished by "high school kids". Even if it be assumed on the evidence, as we do, that every job was separate, that the plaintiff was justified in not finishing two jobs, that he was entitled to recover the contract price on each of the completed jobs, it is clear on the evidence that the plaintiff would not be entitled to recover the full contract price on the two jobs that he admitted were not completed. See *Lantz* v. *Chandler,* 340 Mass. 348, 349; *Kauranen* v. *Mattaliano,* 347 Mass. 583, 584, 585. We cannot determine from the evidence or findings whether the trial justice allowed the full contract price on those two jobs, nor if less than the contract price were allowed on the two incomplete jobs, how the measure of damages was arrived at in the absence of evidence presented by the plaintiff of the extent of the work done on these jobs or of the fair

value of the labor and materials furnished in the course of such work.

We think there was prejudicial error in denying the requests as to these houses on which the work was admittedly non completed. Since we cannot ascertain how the amount found due of $500.00 was arrived at, we cannot segregate the items for which the evidence warranted a finding of the full contract price. Justice requires that we remand the case to the District Court for a new trial on all the items. This will afford to the plaintiff an opportunity to move to amend his declaration so that it will be in accord with his proof at the re-trial and to clarify the distinction, if any, between the two counts of his declaration. **It is so ordered.**

WILLIAM H. LEVY,
     attorney for the Plaintiff.
WILLIAM T. DESMOND,
     pro se