*Northern District*

No. 7020

JAMES V. CAGGIANO and SON, Inc.

v.

MARTIN GOSTHANIAN and another

*Present*: Connolly, J. (Presiding), Parker, Yesley, J.J.

Case tried to *Brooks, J.* in the First District Court of Eastern Middlesex No. 361 of 1967.

*Yesley, J.   This is an *action of contract* transferred by the Superior Court to the District Court for trial, (G.L. c. 231, § 102C) wherein the plaintiff seeks to recover "moneys due for work, labor and materials expended by [it] on behalf of the defendants." The defendants answered by way of general denial and affirmatively set forth that there was an "intentional breach" and "failure in bad faith to complete or substantially to perform" on the part of the plaintiff. It appears from the

report that the male defendant, who was the husband of the female defendant, deceased prior to trial. The docket, however, discloses no suggestion of his death nor substitution of any legal representative. There was a finding for the plaintiff.

The parties stipulated that on or about June *22, 1965* they had entered into a written contract, with specifications and plans attached, for the construction by the plaintiff for the defendants of a dwelling on a lot on Clifton Street, Malden, that plaintiff informed the defendants that the work was complete on *November 6, 1965,* that by that date all but $1500.00 of the price had been paid, that on *December 8, 1965,* the plaintiff demanded of the defendants payment of the $1500.00 but was refused.

*There was undisputed evidence that* the dwelling was "substantially complete, inhabitable and inhabited by the [defendants]", that there were some defects in the work and deviations from the specifications, described in the report, and that the full amount of the construction mortgage was paid to the defendants. Certain other defects claimed by the defendants were disputed and are not described in the report.

The trial justice, who took a view, found specially that the construction contract called for a price of $22,500.00 payable in installments, the final payment of $7000.00 to be

made on completion of the work, that the building "was completed" in November of 1965, that the bank which held the construction mortgage thereupon released the final amount of $7000.00 to the surviving defendant who paid it over to the plaintiff shortly thereafter. He further found that extras had been incurred during the construction "which were unrelated to the work complained of", "that the amount recoverable by plaintiff for those extras is $1500. less deductions for poor workmanship or omissions on the part of plaintiff's workmen in the overall job", and "that the fair amount to be deducted is $300., leaving a balance due to plaintiff of $1,200. . . . ".

What brings this appeal here is the trial justice's report of his disposition of certain of defendants' ‡ requests for rulings, to which we now turn our attention.

The defendants contend that since there were acknowledged deviations from the specifications the work was not completed and the plaintiff therefore is not entitled to recover the contract price, nor on a *quantum meruit* count. The deviations consisted primarily of the use of 235-pound shingles on the roof instead of 290-pound shingles, of a 2-inch shortage in the distance from basement floor to bottom of supporting beams above the ceil-

‡ The report refers to "the defendants" even though one of them deceased and was not replaced.

ing, of a shortage in the height of the chimney on the outside of the house, and the absence of a supporting rail on the stairs to the first floor. It is to be noted that the construction mortgagee released, and the defendant paid over to the plaintiff, the full amount of the contract price, and that the unpaid sum sued upon equals the amount of the extras which were unrelated to the deviations and defects claimed.

The trial justice found that the building was completed. This finding must stand. *Kelsey* v. *Hampton Court Hotel Company,* 327 Mass. 150, 152. He further found that $300. was a fair amount to compensate for the deviations and defects in workmanship. Compared to a total price of $24,000. these would appear to be minimal and certainly far short of substantial. *Kauranen* v. *Mattaliano,* 347 Mass. 583, 586. The trial justice made no finding that any of the deviations were intentional. Where deviations are not intentional and are not substantial, a plaintiff may recover in *quantum meruit* for the fair value of its labor and materials. *Lantz* v. *Chandler,* 340 Mass. 348, 349. He may recover even where the deviations are intentional, if they are "immaterial". *Lantz* v. *Chandler,* 340 Mass. 348, 349.

In the light of the foregoing, the defendants' requests for rulings were correctly disposed of by the trial justice. No. 2 would re-

quire a finding for the defendants. Nos. 6 and 7 would deny recovery in *quantum meruit.* What we have said above, negates such rulings. The trial justice allowed but held inapplicable requests Nos. 4 and 5 which asked for rulings that

> "(4) Where a contract contains mutual and dependent promises the plaintiff must show compliance with his promises in order to recover the breach of contract.
>
> (5) Where payment is conditional upon completion of building, builder cannot claim payment until the completion of the building, since completion of building is a condition precedent to payment."

These were properly held inapplicable in the light of the findings of the trial justice and principles of law above enunciated.

We find no error; the *report is to be dismissed.*

ELIHU PEARLMAN
  For Plaintiff.
RICHARD BATES HARRIS
  For Defendant.