Hershfang, J.
Following a finding for plaintiff (Supreme Fuel) for the $8,139.20 balance Supreme Fuel asserted was due for unpaid oil deliveries to an apartment building defendant (Kelleher) owned, Kelleher has claimed a Report.[4] For the reasons hereafter stated, we dismiss the Report.
Supreme Fuel’s claim was in three counts. The first is on an account annexed. The second is in quantum meruit. The third is under the Consumer Protection Law, G.L.c. 93A.[5] Judgment entered for Supreme Fuel on Count II (quantum meruit) and for Kelleher on Counts I and III.
*97 Kelleher claims three errors. The first two concern issues that under the old rules[6] were properly the subject of requests for rulings, each of which was allowed. Thus, as Supreme Fuel correctly notes, the first two claims of error leave us nothing to review. Tobin v. Hagerty, 1 Mass. App. Dec. 88, 90 (1941). Stella v. Curtis, 348 Mass. 458, 463 (1965). Nevertheless, in the spirit of the current rules governing Appellate Division Appeals, and since the parties have dealt with the three issues Kelleher raises, we shall do likewise.
Kelleher'first contends that by finding in his favor on the account annexed (Count I), the Court was precluded from finding for Supreme Fuel on any other count, including quantum meruit. (Count II). But, Lantz v. Chandler, 340 Mass. 348 (1960) on which Kelleher relies explicitly says no.[7] Moreover, since their adoption in 1974, the Mass. R. Civ. R allow a party to make inconsistent claims. Mass. R. Civ. P 8 (2) (“a party may ... state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds.”) Of course, it has long not been possible for plaintiff to recover on both counts. Whiting v. Sullivan, 7 Mass. 107 (1810).
Kelleher next would have us deny the quantum meruit claim because Supreme Fuel’s complaint uses the word “price” instead of “value.” We reject that argument. For our purposes here, “price” is a synonym for “value.” Black’s Law Dictionary, 1392 (Rev. 5th rd. 1979). See, too, Kass v. Todd, 362 Mass. 169, 175 (1972) (Where, as here, a contract is broken by defendant the contract’s price is important only as bearing on the value of services rendered.)
Finally, Kelleher contends that the trial judge erred in allowing into evidence, over objection and a claim of report, Supreme Fuel’s account of its claim. This contention fails, too. First, because even though Kelleher has annexed to his brief what purports to be a copy of the contested exhibit, an apparent computer printout of an ongoing account beginning in December, 1988, with an $1,104.02 balance, the objected-to evidence is not part of the Report. Atlas Distributing Corp. v. Crystoff 24 Mass. App. Dec. 203, 204 (1962). Second, business records such as the computer print-out Kelleher refers us to here are “presumed to be reliable ... because entries in these records are routinely made by those charged with the responsibility of making accurate entries and are relied on in the course of doing business.” Wingate v. Emery Air Freight Corp., 385 Mass. 402, 406 (1982).
Kelleher contends, however, that Supreme Fuel failed to satisfy the four statutory conditions to admissibility — that the entries were made in (1) good faith by a person having personal knowledge of the data being recorded, (2) about the time of the event described, (3) in the regular course of business, and (4) prior to commencement of suit. But the Report includes specific findings of fact that the building in question was owned by Kelleher; that Supreme Fuel, at the request of Kelleher’s agent and on his account, provided fuel to the building; and Kelleher owed Supreme Fuel the balance found due. Since the evidence is not reported, we do not know whether during the two-day trial other evidence existed to have supported the judge’s finding of the balance due. We thus cannot know whether and how appellant was prejudiced. Put differently, we do not pass on abstract questions of law, Harris v. Stop & Shop, 94 Mass. App. Div. 247, 249, and must assume that the judge’s finding was adequately supported. Sutherland v. McGee, 329 Mass. 530, *98 532 (1952); Abele v. Dietz, 312 Mass. 685, 690 (1942).
Kelleher having failed to establish in the Report that the trial judge committed error of law, the Report is dismissed.

Because the findings and rulings appealed from were entered before July 1, 1994, this appeal is governed by the appellate rules then in effect (the old rules), former Dist./Mun. Cts. R. Civ. R, Rule 64. For current rules, See Dist./Mun. Cts. Rules of Appellate Division Appeal.

Kelleher filed a third-party claim against Ladd Martin and Crescent Realty, Inc., which counter-claimed. But that third-party claim and that counterclaim are not the subject of the Report.

See Footnote 1, above.

The defendants argue that the plaintiff declared on the contract and is precluded from recovering on quantum meruit. But,... there is nothing in the point... “By declaring on an account annexed the plaintiff has by legal intendment stated all the allegations contained in quantum meruit, and it is apparent that the case was tried on that theory.” Lantz v. Chandler, id., at 348, footnote 1. The fact that quantum meruit was claimed separately and explicitly here makes Supreme Fuel’s claim even stronger.